## LOUIS KATZ *vs.* CHARLES BREWINGTON.

*When a Receiver will be Appointed to take Charge of a Partnership business.*

A bill was filed by a partner against his co-partner, alleging that the defendant had taken possession of the books of the co-partnership, and refused the plaintiff access to them; that the defendant had sole control and possession of the partnership property, and was disposing of it in fraud of the plaintiff; that he refused to give the plaintiff any information in regard to the business of the partnership, and had carried away, and secreted the books of the firm, and refused to disclose the place were they were deposited. The bill asked for an injunction, the appointment of a receiver, and a dissolution of the partnership. The Court ordered the injunction, and set down for hearing the application for a receiver, directing notice to be given to the defendant. The notice

was not served in due time, but the parties appeared in Court by counsel on the day appointed for the hearing, and the Court having heard their statements on the bill and exhibit, appointed a receiver. After the appointment of the receiver an answer was filed by the defendant, and an appeal was taken. HELD:

That the complainant was entitled to have a receiver appointed.

APPEAL from the Circuit Court of Baltimore City.

Charles Brewington filed a bill of complaint against Louis Katz, alleging that in May, 1887, they had entered into a co-partnership under the name of L. Katz & Co.; and that the business had been carried on under the firm name until the time of the filing of the bill. It was further charged that the books of the firm were in the possession and control of Louis Katz, who refused to permit complainant to have access to the same; and that Katz had sole control and possession of the goods of the firm, and was disposing of the same in fraud of complainant.

That complainant no longer felt safe with the books and papers and assets of said firm in the possession of said Katz, and desired that said co-partnership should be wound up under the order and direction of this Court.

That Katz absolutely excluded complainant from all control of the business, and refused to give him any information in regard to the business of the firm, having carried the books of the firm away from the place of business of said firm, and refused to disclose the place where said books were deposited. The following exhibit was filed with the bill of complaint :

Agreement made this 25th day of May, eighteen hundred and eighty-seven, between Louis Katz and Charles Brewington, of the City of Baltimore, State of Maryland, do enter into co-partnership to carry on the fruit-packing business, under the firm name of L. Katz & Co., to which I, Louis Katz, contribute the sum of two thousand dollars or more, as required, and services for to carry on the

Katz *vs.* Brewington.

said business, and I, Charles Brewington, to furnish all experience and services to carry on the said business as economical as we possibly can, and for which we will divide our earnings after all expenses and bills are paid. I, Louis Katz, agree to keep all of our books, sign all checks in a perfect and just way, so neither of us shall be the loser of anything excepting such losses as we might be *forst* to bear in the business like bad debts.

We further agree to leave all the money in the business, and not draw over ten dollars per week, each of us, to pay private expenses. We further agree that neither of us is to sign any notes or become surety for any person or persons, or indorse any notes without the consent of either one of the firm.

This agreement and firm we will continue for 12 months from 15 day of May, 1887, until 15th day of May, 1888, or longer, if so agreed by both of us, and to which we will give our full signature.

[Seal.] Louis Katz,
[Seal.] Charles Brewington.

The Court ordered an injunction, and set down for hearing the application for a receiver, directing that notice should be given to the defendant. The notice was not served in due time; but, nevertheless, the parties appeared in Court, by counsel, on the day appointed for the hearing, and after the Court had heard their statements on the bill and exhibit, it appointed a receiver. After the appointment of a receiver, an answer was filed by defendant, and an appeal was taken.

The cause was argued before ALVEY, C. J., MILLER, BRYAN, and McSHERRY, J.

*Lewis Hochheimer*, and *Isidor Rayner*, for the appellant.

*J: Alexander Preston*, and *Albert Ritchie*, for the appellee.

BRYAN, J., after stating the case as above, delivered the opinion of the Court.

We are, of course, on this appeal, confined to the statements of the bill of complaint. The defendant might have objected to the motion for a receiver, on the ground that he had not received the required notice; but he does not appear to have done so. If he had filed his answer before the hearing, it would have been considered, both in the Court below, and in this Court.

The time appointed for the continuance of the partnership had expired before the filing of the bill of complaint, and it was then existing only by the mutual consent of the partners. The agreement of partnership required Katz to furnish all the capital, and the profits were to be equally divided, after payment of debts and expenses. It was not alleged by the complainant that any profits had been made, or that there were any debts due by the partnership. It was, however, alleged that the defendant had excluded him from all control of the business of the firm; and had refused to give him any information respecting it, and had carried away the books from the place of business, and had refused to disclose the place in which they were. Each partner has an equal right to take part in the management of the business of the firm; although one of them may have an interest only in the profits, and not in the capital, yet his rights are involved in the proper conduct of the affairs of the firm, so that profits may be made. So each partner has an equal right to information about the partnership affairs, and to free access to its books. The complainant had a right to learn from the books whether there were profits, and whether there were debts. If he were denied this information, as charged in his bill of complaint, a sufficient reason appears for not alleging that profits had

been earned, and that debts existed. In *Ernst vs. Harris*, 1 *Turner & Russell*, 496, Lord ELDON said: "The most prominent point on which the Court acts in appointing a receiver of a partnership concern, is the circumstance of one partner having taken upon himself the power to exclude another partner from as full a share in the management of the partnership as he, who assumes that power, himself enjoys." This principle seems to be universally approved by the authorities. It is decisive of the present question. The order must be affirmed.

> *Order affirmed with costs,*
> *and cause remanded.*

(Decided 11th June, 1889.)