EDWARD C. CARRINGTON, JR., Receiver of the
Hammond Ice Company,
*vs.*
THOMAS C. BASSHOR COMPANY et als.

*Receivers: appointment; bill and exhibits; effect of answer;*
*appeals; what objections may not be raised; parties in*
*interest who are not necessary parties.  Wicks*
*v. Westcott, 59 Md. 270, explained.*

Courts of Equity have jurisdiction, upon proper averments,
to appoint receivers for corporations.                         p. 75

Under sections 36 and 37 of Article 5 of the Code of 1912,
on appeal from an order or decree of a Court of Equity, no
objection can be made to the sufficiency of the averments of the
bill, nor to the jurisdiction, unless it appears by the record that
the objections were made in the Court below.                  p. 75

Where a receiver is appointed upon a bill alone, and an
appeal is taken, under section 27 of Article 5 of the Code of
1912, the Court, in passing upon the propriety of the order, is
confined to the case as made by the bill and exhibits, and can
not consider the defendant's answer.                           p. 76

But when the order appointing a receiver is not passed until
after the defendant has had notice and files his answer, the
answer is considered below, and, on appeal, it may be consid-
ered by the Court of Appeals.                                  p. 76

When the defendant, who has notice of an application for
the appointment of a receiver, files his answer before the ap-
pointment and fails to object in the court below to the suffi-
ciency of the averments of the bill, or to the jurisdiction of the
Court, he can not be heard to make such objections in the Court
of Appeals.                                                    p. 76

And where a person is not a necessary party to the bill, but
has such an interest in the subject-matter as entitles him to
defend the suit, and, upon his own application, is made a
party defendant after an order appointing a receiver has been
passed on a bill and answer of the defendant admitting the
fact and consenting to such appointment, and he desires to ques-
tion the propriety of the order, he must do so by appropriate

proceedings in the court below; otherwise he can not question its right on appeal, unless the case is one in which no circumstances whatever could give the Court jurisdiction.                    p. 77

In the case of *Wicks* v. *Westcott,* 59 Md. 270, in explaining Code (1860), Art. 5, sec. 27 (now section 37), the Court did not mean to limit the application of that section to the original defendants, as distinguished from defendants who might be brought in afterwards upon the petition of the plaintiff, or who were made such upon their own application; the Court made that section applicable only to defendants in regular chancery proceedings, as distinguished from proceedings such as objections to sales.                    p. 78

*Decided June 24th, 1913.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*E. C. Carrington, Jr.,* and *Wm. Ewin Bonn,* filed a brief for the appellant.

*E. P. Keech, Jr., Jacob France* and *W. H. DeC. Wright,* filed a brief for the appellees.

THOMAS, J., delivered the opinion of the Court.

On the 23rd of November, 1912, C. Hazeltine Basshor, of Baltimore City, filed a bill in the Circuit Court of Baltimore City against the Thomas C. Basshor Company, for the appointment of a receiver or receivers for said company.

The bill, which was filed on behalf of the plaintiff and other stockholders and creditors of the Thomas C. Basshor Company, alleged that the company was a corporation of the State of Maryland, with its principal office in Baltimore City, and that it had an authorized capital stock of $150,-000.00, consisting of 3,000 shares of the par value of $50.00

each, all of which had been issued and was outstanding; that said company was organized for the purpose of conducting the business of manufacturing and dealing in all kinds of boiler plate, iron work engines, machinery, pumps, mechanical and electrical appliances, machinists' supplies, castings, structural steel, iron, steam and water heating and plumbing, and "all forms of engineering designing and expert mechanical work," and that it was actively engaged in said business at 28 Light street, where it had a large and valuable plant, and a large and valuable stock of raw material intended for sale and to be used in the manufacture of machines and machinery of various kinds. The bill further alleged that the plaintiff was the owner of two thousand shares of the stock of the company, and, at the time of the filing of the bill, was engaged in managing its business; that the aggregate book value of the assets of the company, including its warehouse on Liberty street, was approximately $270,000.00, subject to some depreciation of the warehouse, machinery, plant and equipment if sold at a forced sale, and that the accounts receivable, amounting to about $70,000.00 consisted largely of claims which could not "be realized upon immediately," and which arose out of contracts which had to be completed before the contract price could be collected, or out of contracts concerning which there was "some dispute or other legal difficulty;" that the aggregate indebtedness of the company was approximately $130,000.00, and that the net value of its assets was more than sufficient to pay its debts. It then averred that on the 24th of July, 1912, a decree for the sum of $21,000.00 was entered by the Circuit Court No. 2 of Baltimore City against the company in favor of Edwin C. Carrington, Jr., receiver of the Hammond Ice Company; that notwithstanding the defendant was not insolvent, it was "unable by reason of the fact that it" was "not able to realize immediately upon its open accounts to pay forthwith the amount of said decree, and that if said Carrington, as such receiver, should be permitted to seize

under an execution an amount of the assets of the defendant sufficient to yield at a sheriff's sale the amount of said decree," the great loss resulting therefrom would cause "irreparable damage" to the other creditors and to the stockholders of the defendant; that in order to obtain the full value of the assets of the defendant it would be necessary to continue the business of the company and to use the raw material it had on hand in the manufacture of machines and machinery, and that the highest price for the company's building, plant and equipment, "if a sale of the same be found necessary" could only be obtained by selling it "as a going concern," etc.

The prayer of the bill was for the appointment of a receiver or receivers to take possession of all the property of the defendant, to collect the accounts and other debts due the company, and to continue its business until the property and business of the defendant could be sold or otherwise disposed of under the order of the Court; that the Court "fully administered" the funds and assets of the defendant, and, "if necessary, direct a sale or sales" of its property, the payment of its debts, "according to their legal priority," and the balance of its assets to be turned over to the officers and directors of the defendant.

On the same day the defendant filed its answer, admitting the averments of the bill and consenting to the appointment of a receiver, and thereupon the Court passed the order of November 23rd, 1912, appointing a receiver to take possession of the goods, wares, etc., of the company, with authority to continue its business subject to the further order of the Court, which order was afterwards amended by the order of December 3rd, 1912, so as to authorize the receiver to take possession of *all* the property of the defendant.

On the 17th of January, 1913, the appellant, Edwin C. Carrington, Jr., receiver of the Hammond Ice Company, filed a petition asking to be made a party defendant in said case, and the Court below having passed an order accordingly, he filed his answer, in which, after admitting some of the allega-

tions of the bill, demanding strict proof as to others, and
avering that he had not threatened to have execution issued
on his decree, and that the Light street property of the
Basshor Company could "be readily converted into money,
and enough accounts receivable collected to discharge" his
lien, etc., he denied that it was necessary to continue the busi-
ness of the company in order to obtain the full value of its
assets, and denied the right of the creditors and stockholders
of the company to have a receiver appointed for the company
under the bill filed by the plaintiff, because the bill failed to
make out a *"prima facie case which would entitle"* the court
to appoint a receiver, etc. The answer was filed on the 17th
of January, 1913, and on the following day the appellant
filed his order for this appeal from the orders of November
23rd, and December 3rd, 1912.

A motion has been made to dismiss the appeal, and it is
apparent from the foregoing review of the record that the
motion must prevail. Prior to the passage of the orders from
which this appeal was taken, no objection was made in the
Court below to the sufficiency of the averments of the bill or
the jurisdiction of the Court. The orders were not passed
upon the bill alone, but upon the bill and the answer of the
defendant admitting the averments of the bill and consent-
ing to the granting of the relief prayed. Section 36 of Arti-
cle 5 of the Code of 1912, provides that no objection "to the
sufficiency of the averments of the bill or petition * * * shall
be made in the Court of Appeals, unless it shall appear by
the record that such objection was made by exceptions, filed
in the Court from which the appeal shall have been taken,"
and section 37 of the same article declares that no defendant
in a suit in equity shall on appeal "make any objection to
the jurisdiction of the Court below, unless it shall appear by
the record that such objection was made in said Court." The
jurisdiction of a Court of Equity in this State, upon proper
averments, to appoint receivers for a corporation is not and
cannot be questioned, and it is, therefore, obvious that had
the Basshor Company appealed from the orders referred to,

independent of the fact that it consented to the orders, it would not have been allowed to object in this Court to the sufficiency of the averments of the bill or to the jurisdiction of the Court below. *Estep* v. *Mackey,* 52 Md. 592; *Shryock* v. *Morris,* 75 Md. 72; *Miller's Equity Proc.,* secs. 334 and 340. Upon what principle can the appellant escape the requirements of the rule? He was not a necessary party to the bill, and not having been made a party, it is true, that, so far as the record shows, he did not have an opportunity to resist the relief prayed prior to the orders of which he now complains. But after these orders were passed he was, upon his own application, made a party defendant, and if he had such an interest in the subject-matter of the suit as entitled him to defend it, and he desired to make the defense stated in his answer, before taking his appeal, he should have applied to the Court below for a rescission of the orders upon those grounds. *Miller's Equity Proc.* 623 and 624; *Williamson* v. *Williams,* 1 Bland Ch. 422, 424; section 83, Article 16, Code of 1912. Had he done so, and had the lower Court adopted his view of the bill, there would have been no occasion for this appeal. To permit him to make the objections now would require this Court, in the face of the statutes and the rule stated, to consider questions that were not raised or determined in the lower Court, in a case where the orders appealed from were not passed upon the bill alone, but upon the bill and answer of the only defendant in the case admitting the facts alleged and consenting to the granting of the relief prayed.

The appellant relies upon section 27 of Article 5 of the Code of 1912, and the cases of *Pierson* v. *Trail,* 1 Md. 142, and *Preston* v. *Poe,* 116 Md. 6. Section 27 authorizes an appeal from an order appointing a receiver, after the answer of the party appealing has been filed. When a receiver is appointed upon a *bill alone,* and an appeal is taken under that section, this Court in passing upon the propriety of that order is confined to the case made by the bill and exhibits and cannot consider the defendant's answer. *Miller's Equity*

*Proc.* 321, and cases cited in the notes. But where, as in this case, the order appointing a receiver is not passed until after the defendant has had notice and files his answer, a different rule applies, and the answer is considered by the Court below, and, on appeal, by this Court. *Katz* v. *Brewington,* 71 Md. 79; *Miller's Equity Proc.* 623. If a defendant who has had notice of the application for the appointment of a receiver and has filed his answer before the receiver is appointed fails to object in the Court below to the sufficiency of the averments of the bill or to the jurisdiction of the Court he cannot make the objection in this Court; and where a person, not a necessary party to the bill, but having such an interest in the subject-matter as entitles him to defend the suit, is upon his own application made a party defendant after an order appointing a receiver has been passed upon the bill and the answer of the defendant admitting the facts and consenting to an appointment, desires to question the propriety of that order upon the ground that the averments of the bill were not sufficient or that the Court was without jurisdiction he is required to do so by appropriate proceedings in the Court below before he can make such objections in this Court, unless, as was said in *Shryock* v. *Morris, supra,* the case is one "in which no circumstances whatever could give the Court jurisdiction."

In the case of *Pierson* v. *Trail, supra,* the Court held that the Act of 1841, Chapter 163 (section 37, Article 5 of the Code of 1912), only applied to defendants, and that the appellant in that case was not a defendant in the Court below, while in the case at bar the appellant was upon his own petition made a party defendant in the lower Court. That case, therefore, apart from other distinguishing features, affords no support for the position of the appellant in this case. Nor does the case of *Preston* v. *Poe, supra,* sustain his contention. There the appellant, before taking his appeal, applied to the lower Court to rescind the order of which he complained, and this Court, after stating that section 26 of Article 5 of the Code did not restrict the right to appeal to those who are

technical parties to the suit, dismissed the appeal on the ground that the appellant did not have such an interest in the suit as entitled him to maintain the appeal. Here the question we are now considering is not whether the appellant has the right to appeal from the orders appointing the receiver, but, assuming that he has the requisite interest in the suit, whether he has the right to do so without first applying to the Court below to rescind those orders for the reasons which he now urges as grounds for their reversal.

In the case of *Wicks* v. *Westcott,* 59 Md. 270, where it was urged that an objection to a sale on the ground that the trustee was not present when the sale was made could not be made in the Court of Appeals unless there was a special exception in the Court below on that ground, the Court said: "The Code (1860), Art. 5, sec. 27 (now sec. 37), does not meet the case, for that section is applicable only to defendants in a regular chancery proceeding, who, having been brought in and submitted to the jurisdiction without question, will not be permitted to question the jurisdiction on appeal." By that statement the Court did not mean to limit the application of the section referred to, to original defendants as distinguished from defendants who might be brought in afterwards upon the petition of the plaintiff or who were made such upon their own application. There is no reason for making such a distinction, and the language and purpose of the section does not justify it. But what the Court meant was that the section only applied to defendants in regular chancery proceedings as distinguished from proceedings such as objections to sales.

It follows from what has been said that the appeal in this case was premature and must be dismissed. In this view of the case it is not necessary to consider the application for a writ of diminution.

*Appeal dismissed, with costs.*