# THE MANUFACTURERS AND MERCHANTS COMPANY

*vs.*

## JULIUS E. PYLES AND JOSEPH B. MITCHELL, RECEIVERS.

*Corporations*: *dissolution; title; receivers; trustee in mortgage; right to make sale; appeal.* *Receivers*: *possession for the court.*

By section 79 of Article 23 of the Code, upon the dissolution of a corporation by the decree of any court, its property vests in the receivers appointed by the court; but when the corporation has executed a mortgage, etc., or where there is a power of sale, etc., in any mortgage, then (unless with the written consent of the other parties in interest) the receivers shall be authorized to sell only the equity of redemption * * *. In such a case, instead of appealing from the order appointing the receivers, a mortgagee in such a case should appeal for permission to sell the property, and from the court's refusal of such right, an appeal will lie.                     p. 322

In general, unless it appears by the record that the appellant was injured by the order appealed from, the appeal will be dismissed.                     p. 322

The possession of the receivers is the possession of the court that appointed them. This appointment does not disturb or divest the lien of the mortgage.                     p. 322

*Decided February 10th, 1915.*

Appeal from the Circuit Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Carville D. Benson* and *D. List Warner,* for the appellant.

*J. Edward Tyler, Jr* (with whom were *Lawrence J. McCormick* and *Edwin W. Wells* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

On the 26th day of June, 1913, the Julius E. Pyles, Incorporated, a corporation engaged in the construction of buildings, entered into a contract under seal with the board of trustees of the Shiloh Baptist Church, to erect upon a percentage basis a new church at the northwest corner of Clinton avenue and George street in Baltimore City. It agreed to take down the old church building, and to furnish the necessary labor and materials for the erection of the new church, and to complete the same as speedily as possible. Payment was to be made by the church bi-weekly as the work progressed.

On the 18th of February, 1914, the contractor filed a bill against the church in the Circuit Court for Baltimore City, in which, among other relief, it asked for the appointment of a receiver for the church property. On February 21, 1914, it filed an amended bill in which it made five new defendants to the suit, viz: Shiloh Baptist Church, Incorporated; The Ardmore Land and Supply Company, a body corporate; Martin L. Weisman, individually; Whit H. Allen, individually, and The Manufacturers and Merchants Company, a body corporate. Five of the defendants demurred to the bill, and on June 15, 1914, the Court sustained all the demurrers, and granted leave to the complainant to file an amended bill.

On June 25, 1914, an amended bill was filed, which, after stating the contract between the complainant and the church, charged in substance as follows: That it had entered upon the performance of the work under the contract, and had

done three-fourths of the construction work upon the church building; that the estimated cost of the new church was $17,-985.27; that it had spent in construction $13,156.51, and had been paid on account of said work $3,466.60, leaving a balance then due of $9,689.75, or more than half of the estimated cost of the building. That the church being for a long time in default in its payments under the contract, and having declared its inability to make the payments, the complainant temporarily suspended construction in order to give the church an opportunity to perfect its financial arrangements. It is then charged that after the work had been suspended for the reason stated, the complainant discovered that the church had entered into a contract with The Ardmore Land and Supply Company to complete the work in total disregard of its rights; that the contract with The Ardmore Land and Supply Company was a pre-arranged plan to defraud the complainant, and that as a part of said plan the church, claiming that it had never been properly incorporated, executed a deed to The Shiloh Baptist Church for the lot upon which the building was being erected, and that Whit W. Allen, the grantor of The Shiloh Baptist Church of Baltimore City, joined in the execution of said deed.

It is then charged "that in furtherance of said fraudulent plan the said The Shiloh Baptist Church, Incorporated, did on or about the 19th day of February, 1914, execute a mortgage to the defendant, The Ardmore Land and Supply Company, in the amount of ten thousand ($10,000) dollars, which mortgage was in express terms given only for the purpose of raising money to complete said building, from its stage of completion to which it had been brought by your orator to that of a fully completed building, which mortgage has been previously filed in the above entitled case and is prayed to be taken and considered a part of this supplemental bill of complaint, and that on the 19th day of February, 1914, the said, The Ardmore Land and Supply Company, assigned by short assignment, the said mortgage above mentioned to The Manufacturers and Merchants Company, a copy of which

assignment has heretofore been filed in this case and is prayed to be taken and considered as a part of this supplemental bill of complaint. That said mortgage of ten thousand ($10,000) dollars is given to complete a building which your orator estimates, as is shown above, will cost less than five thousand ($5,000) dollars;" that this mortgage made no provision for paying the complainant the amount due it for the work done, and that the equity of redemption is grossly inadequate to pay the complainant and other creditors, and that said mortgage was executed after the original bill had been filed, and that the mortgagee and its assigns have taken their title *pendente lite,* and that the title depends upon the result of this case.

It is further alleged that the church is totally and absolutely insolvent and has admitted its insolvency to the complainant, and that the giving of the mortgage to The Ardmore Land and Supply Company was in fraud of the complainant's rights; that all construction work on the building had ceased, and the building was in an uncompleted state, and if allowed to remain in that condition would greatly deteriorate, and that there is no one in charge of the property.

The relief prayed for was:

1. That The Shiloh Baptist Church of Baltimore City, a body corporate; The Shiloh Baptist Church, Incorporated; The Ardmore Land and Supply Company, and The Manufacturers and Merchants Company, a body corporate, may answer these amendments.

2. That this Court will pass an order appointing a receiver or receivers to take charge of said property, and hold and preserve the same, and if deemed advisable, to complete said structure, or if not deemed wise, then to sell the said property and to distribute the proceeds of the sale among all of the various parties in interest according to their respective rights and equities and priorities.

3. That the defendant, The Shiloh Baptist Church of Baltimore City, may be adjudged and determined to be insol-

vent and to have surrendered its corporate rights and franchises, and that it be decreed to be dissolved.

The Manufacturers and Merchants Company and The Ardmore Land and Supply Company on July 8, 1914, demurred to the whole amended bill. On July 10, 1914, The Shiloh Baptist Church of Baltimore City, and The Shiloh Baptist Church, Incorporated, answered under oath and stated that since the institution of the proceedings the defendants had become financially involved to a great extent on account of certain outstanding obligations which they were unable to meet in due course, and under the circumstance of this embarrassment, they felt it would be to the best interest of the creditors of the corporation and all parties concerned that a receiver should be appointed to take charge of the assets of the corporation and to administer the same under the jurisdiction of the Court. The same day on which the answer was filed, and without notice to the other defendants and without disposing of the demurrers the Court passed an order appointing Julius E. Pyles and Joseph B. Mitchell receivers, with the power and authority to take charge of the property, subject, however, to the further order of the Court. From this order The Manufacturers and Merchants Company appealed.

The bill was filed, as appears from the above recital of facts, under section 78, Article 23 of the Code for the involuntary dissolution of the corporation. It asked no relief against the appellant's mortgage, and the order appointing receivers did not affect the appellant's rights under the mortgage. It is provided by section 79, Article 23 of the Code, that whenever any corporation shall be dissolved by the decree of any Court of this State, its property shall vest in its receivers appointed and named therein, but when the corporation has executed a mortgage or a deed of trust in the nature of a mortgage, "or if there be a power of sale or a consent to a decree for a sale contained in any mortgage, deed of trust, or deed of trust in the nature of a mortgage, of real or personal property made by such corporation, then

(unless with the written consent of the other parties in interest) the receiver of such corporation shall be authorized to sell only the equity of redemption in the property mentioned in such decree, mortgage, deed of trust, or deed of trust in the nature of a mortgage and, unless such consent be given such decree and the powers of sale contained in such mortgage, deed of trust, or deed of trust in the nature of a mortgage, may be executed as if proceedings against the corporation had not been instituted."

The well-established rule upon the question of the right of appeal from an order of decree in equity is thus stated in *Miller's Equity Pro.*, section 362: "Unless it appears from the record that the appellant has been injured by the decision of the Court below, that decision will not be reversed, even if erroneous as to other parties; because the appellant has no cause of complaint, his rights not being affected. If there is no injury to the appellant, he cannot claim a reversal of the decree to correct an error."

The possession of the receivers is the possession of the Court which appointed them. Their appointment did not disturb or divest the lien of the appellant's mortgage. The receivers hold the property subject to the mortgage, and can sell only the equity of redemption, unless by the written consent of the appellant. His right to sell the property under the power contained in the mortgage or under a decree authorizing a sale of the property is not affected by the mere appointment of receivers. Instead of appealing from the order appointing receivers, the appellant should have applied to the Court for permission to sell the property, and if the Court had improperly refused his application he could have appealed. Upon the record as it stood at the time the appeal in this case was taken, there is no reason to suppose that the Court would have denied him permission to enforce whatever rights he may have had to collect his mortgage. As it does not appear that the plaintiff has been injured by the order appealed from, the appeal must be dismissed.

*Appeal dismissed, with costs to the appellees.*