JULIUS E. PYLES AND JOSEPH B. MITCHELL,
RECEIVERS,

*vs.*

MANUFACTURERS AND MERCHANTS COMPANY.

*Receivers and trustees named in mortgages.*

In general, the mere appointment of receivers does not affect the lien of a mortgage.                    p. 562

*Decided June 24th, 1915.*

Appeal from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*J. Edw. Tyler, Jr.* (with whom was *Edwin W. Wells* on the brief), for the appellants.

*D. List Warner* and *Harry E. Karr,* for the appellee.

BURKE, J., delivered the opinion of the Court.

In the opinion of this Court filed February 10, 1915, in the case of the *Manufacturers and Merchants Company* v. *Julius E. Pyles and Joseph B. Mitchell, Receivers,* 125 Md. 317, the facts disclosed by the proceedings prior to the appointment of the receivers were fully stated. That was an appeal by the mortgagee, the appellee in this case, from the order appointing receivers for the property mentioned in the bill. We held, for the reasons stated in the opinion, that the appellant was not injured by the order appealed from, and the appeal for that reason was dismissed. In the course of the opinion we said that the bill upon which the receivers were appointed asked no relief against the appellant's mortgage; that the order appointing receivers did not affect the appellant's rights under the mortgage; that their appoint-

ment did not disturb or divest the lien of the mortgage; that
the receivers held the property subject to the mortgage, and
without the written consent of the mortgagee could sell only
the equity of redemption.   We further said that instead of
appealing from the order the appellant should have applied
to the Court for permission to sell the property, and if the
Court had improperly refused the application it could have
appealed; that upon the record as it then stood there was no
reason to suppose that the Court would have denied the mort-
gagee permission to enforce whatever rights it may have had
to collect the mortgage.

After the Court had dismissed the appeal, the mortgagee
filed a petition in the receivership proceedings in which it
was alleged that prior to the appointment of receivers it
had instituted proceedings in Circuit Court No. 2 of Balti-
more City to foreclose its mortgage; that receivers had ap-
plied to that Court for an injunction to restrain the peti-
tioner from foreclosing the mortgage upon the ground that
the mortgage had been invalidated by the institution of the
proceedings for the appointment of receivers, and that an
order *nisi* had been passed upon the petition.   The petition
of the appellant referred to the appeal in the former case
and quoted from the opinion of this Court to show that its
mortgage was not invalidated, or its rights thereunder in any
manner impaired by the institution of the receivership case
or by the appointment of receivers.   It alleged "that since
the date of the taking of the appeal, as aforesaid, no further
proceedings have been taken by any of the parties to this
case, and that the case as presented to this Court at the pres-
ent time is based on the same pleadings and circumstances as
was contained in the record upon which the appeal in this
case was taken."   It asked the Court to pass an order per-
mitting it to foreclose the mortgage.

The answer of the receivers admitted that no further pro-
ceedings had been taken in the case since the prior appeal, ex-
cept the filing of the petition by the mortgagee for permission
to sell the property.   It then recited the facts upon which

the petition filed in Circuit Court No. 2 for an injunction to restrain the foreclosure of the mortgage was based, viz: That the mortgage was given pending the application for the appointment of receivers, and for that reason the trustees appointed to sell could not give a good title to the purchaser; that the property was in *custodia legis,* and could not be sold by any one but the receivers; that the original bill of complaint was filed and the defendant summoned before the execution of the mortgage; that this Court assumed in its opinion in the former case, without, however, so deciding, that the mortgage "was good until attacked and determined to be otherwise."

On March 10, 1915, the receivers petitioned the Court for authority to sell the property, and on the same day the Court passed two orders,—the first order dismissed the petition of the receivers which asked that they be authorized to sell the property, and the second granted permission to the appellant to foreclose its mortgage. This appeal was taken by the receivers from both orders.

We have referred with some particularity to the proceedings to show that nothing has occurred since the decision in the former appeal to affect the lien of the mortgage. No proceeding was taken to set it aside, and upon the facts as they existed at the date of the order authorizing the sale,—which were as regards the appellant's mortgage in no material respect different from those presented by the record in the former appeal,—the Court committed no error in passing that order.

We held in the prior case that the mere institution of a suit and the mere appointment of receivers did not affect the lien of the mortgage, and we see no occasion to change or modify that conclusion. Had proceedings been instituted, since that decision, to set aside or annul the mortgage a different situation would have been presented, and pending such proceedings the lower Court would have been fully justified in refusing to authorize the foreclosure of the mortgage. Having given the mortgagee permission to sell the property, the petition of the receivers for authority to sell was properly refused.                    *Orders affirmed, with costs.*