HERMAN W. CULVER

*vs.*

SALLIE COOKE and RILEY W. ADKINS.

*Guardians: revocation of appointment; appeals; guardian's
bond, annulling.    Appeals: irreversible
error; dismissed.*

Where an order of the Orphans' Court revoking the appointment of a guardian is not appealed from within the time provided by Section 62 of Article 5 of the Code, the Court of Appeals can not review its action.                    p. 686

In such case, an appeal from the order of the court annulling the guardian's bond does not have the effect of bringing up for review the court's action in revoking the guardian's appointment.                    pp. 686-687

Unless it appears from the record that the appellant has been injured by the order appealed from, an appeal will be dismissed.                    p. 687

*Decided February 11th, 1919.*

Appeal from the order of the Orphans' Court for Wicomico County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*F. Frank Goslee,* for the appellant.

*James E. Ellegood* (with a brief by *Ellegood, Freeny & Wailes*), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Wicomico County, passed on the 11th day of June, 1918, rescinding and annulling the guardian bond of Herman W. Culver, guardian of Virginia E. and Margaret E. Lecates, infants. The record shows that Olga M. Adkins, the mother of said infants, died intestate on the 6th day of May, 1918. She had been twice married. She first married Floyd Lecates, and after his death she married Riley W. Adkins. The infant children above named are the issue of the first marriage. After the death of Mrs. Adkins, N. B. Lecates, the grandfather of said infants, filed a petition in the Orphans' Court for Wicomico County, asking that a guardian be appointed for them. This petition was filed on the 14th day of May, 1918, and on the same day the Court appointed Herman W. Culver, guardian for said children, and on the same day he filed an approved bond as guardian.

On the 21st day of May, 1918, Mrs. Sallie Cook, the mother of Mrs. Adkins, and Riley W. Adkins, filed a petition in said Court in which, among other things, it is charged:

"(*a*) Your petitioner, Mrs. Sallie Cook, has made her home with her daughter, the said Olga, both during the lifetime of her first husband, and continued to do so after her marriage to your petitioner, Riley W. Adkins; that her daughter was in delicate health, which cast upon your said petitioner, Mrs. Cook, much of the care and training of the said children; that she had full opportunity of seeing and knowing the tender and affectionate regard which the stepfather and stepchildren had for each other, which was as cordial as if the actual relation of parent and children had existed.

"(*b*) Your petitioners are advised that Herman Culver has been appointed guardian of the said children, and claims that he has the right to the custody of said children, although he is not related by blood to the said children and has no other relation than that of marriage to their aunt—that is to say, sister of their deceased father.

"Your petitioners charge that he nor his wife ever had any care or responsibility in the slightest degree, remotely or directly, in the maintenance and training of the said children, nor did the two families—that is to say, the said Culver and wife, and the mother of the said children—have any family intercourse during the lifetime of the said mother; but your petitioners are advised that in about a week after the death of said mother the said Herman Culver was appointed guardian without any notice to your petitioners and without their knowledge, though the said children were then and have been continuously under the care and protection of your petitioners; that it was the special request of their mother, made immediately prior to her death, that your petitioner, the grandmother and next of kin of said children, should have the care and custody of the said children; but so it is that neither of your petitioners have had any opportunity of being heard by this Honorable Court as to the wishes of the mother, the grandmother or stepfather, though both of the latter hold the closest and most affectionate relations to the children, than whom there is no one more interested in their welfare.

"Your petitioners, therefore, pray this Honorable Court to revoke and cancel the order of 14th day of May, 1918, appointing Herman Culver guardian as aforesaid, and to appoint a day in the near future for consideration of the appointment of a guardian at which the parties interested may have a hearing."

Upon the filing of this petition, the Court on the 21st day of May, 1918, revoked and cancelled the appointment of Herman W. Culver as guardian of Virginia E. and Margaret

E. Lecates, and further ordered that the question of the appointment of a guardian for said children be set for a hearing on May 28th, 1918. Herman W. Culver, as guardian, answered the petition and stated that the matter charged in said petition did not constitute sufficient cause for his removal. But he took no appeal from the order revoking and cancelling his appointment as guardian.

The record shows that a petition was filed to annul the guardian bond of Herman W. Culver, but it does not show what it contained or by whom it was filed. The hearing upon this petition was continued until June 11, 1918, on which day the Court passed the following order:

> "We, the Orphans' Court for Wicomico County, Md., rescind and annul the guardian bond, Virginia E. and Margaret E. Lecates. Herman W. Culver was appointed guardian May 14th, 1918. After hearing the case, we have decided not to appoint a guardian at present of above children. We will consider the matter and appoint a guardian when we think best."

On the 28th of May, 1918, letters of administration were granted to Riley W. Adkins on the estate of Olga W. Adkins, and on June 25th, 1918, the Orphans' Court appointed Uriah W. Dickerson, guardian of said infant children and he filed an approved bond as guardian.

The order removing the appellant as guardian, was passed, as we have stated, on the 21st day of May, 1918. If he desired to question the validity of that order, it was his duty to have appealed to this Court within thirty days after the date of the order, Article 5, Section 62 of the Code. No appeal was taken, and we now have no power to review the action of the Court in passing the order. The appeal in this case was taken July 10, 1918, from an order passed June 11th, 1918, annulling the guardian bond of the appellant. If the parties could open for review, on appeal, in this indirect way the orders of the Orphans' Court "it would virtually amount to a repeal of the laws limiting the time within which

appeals could be taken, and would lead to interminable litigation." *Lefever* v. *Lefever*, 6 Md. 472.

We must, therefore, treat the appellant as having been removed as guardian at the time the order appealed from in this case was passed. The reversal of that order could not have the effect of disturbing the order of May 21, 1918, or of restoring him to the guardianship of said children. Whatever, therefore, we may think of the power of the Orphans' Court, under the circumstances, to pass the order appealed from it is quite clear that its reversal would not benefit the appellant, or that its passage did him no injury. It is stated in *Miller's Equity Proceedings*, sec. 362: "Unless it appears from the record that the appellant has been injured by the decision of the Court below, that decision will not be reviewed, even if erroneous as to other parties. * * * If there is no injury to the appellant, he cannot claim a reversal of the decree to correct an error." As it does not appear that the appellant was injured by the order appealed from, or that any relief would be afforded by the reversal of the order, the appeal will be dismissed. *Thom, et al.,* v. *Cook, et al.,* 113 Md. 85; *The Manufacturers* and *Merchants Company* v. *Pyles,* 125 Md. 317.

*Appeal dismissed with costs.*