

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5607
Re: Imposition of a stock
transfer tax upon: (a) Sales
made by an executor in the
course of administration.
(b) Sales made to effect a
division of the estate among
the beneficiaries.

　　　　We have received and considered your letter of
September 7, 1943, together with an accompanying letter from
the Houston Land and Trust Company, wherein you request the
opinion of this department on the following question:

"　. . .

　　　　"Where shares of stock are sold in order
to realize funds to pay the debts of an estate,
or administration costs and succession taxes, is
a Texas transfer tax payable other than on the
transfer made in connection with the sale?  In
other words, is a tax payable by virtue of the
transfer under the Will to beneficiaries, although
such beneficiaries never receive the stock or the
proceeds of the sale?  Suppose stock is sold in
order to effect a division of an estate among the
beneficiaries under a Will.  Is a transfer tax
payable (1) on the transfer under the Will and
(2) in connection with the sale which is necessary
to effect division of the estate?

"　. . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honoreble Geo. H. Sheppard, page 2

In our Opinion No. 0-4134 (Conference Opinion No. 3107) we held that "transfers by operation of law" are, by necessary implication, exempt from the tax imposed by the Texas Stock Transfer Tax Act (Article 7047m, V. A. C. S.). Proceeding from this premise, we also ruled in said opinion that a transfer from an intestate to his heirs or next of kin is a transfer wholly effected by operation of law and hence is tax exempt, but that a transfer from a testator to his legatees is taxable as a transfer effected at least in part by the act of the parties thereto.

The Texas Stock Transfer Tax Act follows almost verbatim the New York Transfer Tax Act, and it is commonly known that our statute was adopted from and modeled after the New York Act. Likewise, our act is identical in most respects with the Federal Stock Transfer Tax Act and with the acts in other states. Consequently, in interpreting our statute we have been accustomed to follow the decisions and administrative rulings of these other jurisdictions, and particularly those of New York, since, as is said in 39 Tex. Jur. 264-265:

"A phrase, provision or statute adopted from the laws of another state or country will ordinarily be given the same construction in Texas that it had received in the jurisdiction from which it was borrowed. If it had been given a fixed and definite meaning by the courts of that jurisdiction, it will be given the same meaning in Texas. The rule rests upon the presumption that the Legislature was aware of the judicial interpretation given in the jurisdiction from which the statute was taken, and that in adopting such statute it intended also to accept such construction."

Under the New York and federal acts, only one transfer tax accrues when stock passes by will to a legatee but is sold by the executor to satisfy debts and expenses of the estate. Article 15(16) of the New York Rules and Regulations; Article 34(n) of Treasury Regulations No. 71; reprinted in Christy and McLean, The Transfer of Stock, pp. 683 and 602, respectively. This is occasioned by the fact that these jurisdictions adhere to the common law rule whereby title to personalty passes from a testator to his executor and thence from such executor to legatees, to creditors of the estate, or to possible vendees. Consequently, these

Honorable Geo. H. Sheppard, page 3

jurisdictions hold that the transfer from the testator to his executor is tax exempt as a transfer by operation of law and that the only taxable event occurs when the executor makes a further transfer either to a legatee, to a creditor of the estate, or to a vendee to whom the stock is sold for the purpose of securing funds to discharge the debts or expenses of the estate. Welch v. Kerckhoff, 84 F(2d) 295; 106 A. L. R. 1434; Christy and McLean, op. cit. supra, 566. Obviously when the stock is sold by the executor to satisfy debts and expenses of the estate, no tax ever arises on a transfer to a legatee because such transfer is never made by the executor.

0-4134 However, as was pointed out in our Opinion No. 0-4143, Article 3314 V. A. C. S. abrogates the common law rule in this State by providing that title to personalty vests in the legatees immediately upon the death of the testator, subject to the power of the executor to sell or otherwise apply such personalty to satisfy debts of the estate, funeral expenses, family allowances, and other expenses of administration. Morrell v. Hamlett, 24 S.W.(2d) 531; Richardson v. Vaughan, 23 S.W. 640 (Sup. Ct.); Leal v. Leal, 291 S.W. 340; 13 Tex. Jur. 595; 15 Tex. Jur. 172-173. Because of this feature of our decedents' estate law, conceivably it would be possible to say that two transfer taxes accrue in the situation above described--one when the title vests immediately in the legatees, and another when the executor sells the stock in the course of administration. Practically speaking, such a construction of our transfer tax act would result in taxing a transfer in which the transferee never receives the use and enjoyment of the stock and never receives an unencumbered legal or equitable title thereto. We feel that such a result was never within the contemplation or intention of the legislature at the time of the passage of our stock transfer tax act. Rather, we feel, when our legislature adopted the New York act, it must also be deemed to have adopted the construction placed on such act whereby but one tax accrues in the situation under discussion. This conclusion results both from the principle of statutory construction above set forth and from the following additional consideration: Upon the death of a testator, any interest acquired by a legatee is subject to a power of sale in the executor which may be exercised under prescribed conditions. Until such time as it is known whether or not the executor must exercise this power, all rights of a legatee are contingent. If the power is exercised,

all rights of a legatee are extinguished. Consequently, when stock passes by will and it is necessary for the executor to dispose of the stock in order to satisfy the debts and expenses of the estate, we feel that the stock transfer tax accrues only when such disposition is made, for the contingency which prevents the completion of the transfer to the legatees has occurred and no complete transfer to them is ever accomplished. Conversely, when no such disposition is necessary and when the power of sale possessed by an executor is extinguished because no necessity for its exercise has arisen, we feel that the transfer from the testator to his legatees is complete and that such transfer is then taxable under the principles enunciated in our Opinion No. ~~O-4143~~. O-4134

These principles are also applicable to instances of intestacy. When it is necessary for an administrator of the estate of an intestate to dispose of stock to satisfy the debts and expenses of the estate, a tax accrues upon such sale, for the sale cannot be said to be one in which the transfer is effected by operation of law. Contrariwise, however, when no such sale is necessary, and when the power of sale in the administrator is extinguished, the transfer to the heirs or next of kin is then complete and, as was said in our Opinion No. ~~O-4143~~, since such transfer is effected wholly by operation of law, no tax accrues thereon.

Your second question relates to a situation in which a transfer of stock is made to effect or to facilitate the division of an estate among the various legatees. Multiple legatees hold property in a form of co-ownership closely akin to, if not identical with, co-tenancy. Any division effected among such tenants or any sale made by them for the purpose of dividing the proceeds thereof necessarily is a transfer effected by the act of the parties thereto rather than a transfer effected by operation of law. Such transfers are taxable under the New York and federal acts, Article 15(19-22) of the New York Rules and Regulations; Christy and McLean, op. cit. supra, 564-565, and even without the aid afforded by the constructions in these jurisdictions, we would feel constrained to hold such transfers taxable since they fall within neither the express exemptions contained in our statute nor the implied exemption accorded transfers by operation of law. Consequently, you are respectfully advised that in such a situation two

Honorable Geo. H. Sheppard, page 5

transfer taxes accrue--one when the transfer to the mul-
tiple legatees becomes complete, and another when such
legatees effect a division among themselves by sale or
otherwise. Notice, however, that if the division is
being effected by multiple heirs or next of kin who have
taken by intestacy, a tax accrues only upon the division
among themselves since such heirs or next of kin receive
the stock initially by operation of law.

Moreover, should an executor or administrator
sell stock for the purpose of effecting or facilitating
a division among the legatees, heirs or next of kin, and
not for the purpose of paying the debts and expenses of
the estate, the same principles are applicable. The power
of sale possessed by an executor or administrator extends,
as has been said above, only to sales which are necessary
to pay the debts and expenses of the estate. Unless the
stock is sold for this purpose, the transfer to the legatees,
heirs or next of kin becomes complete. If the stock should
be sold for any purpose other than this, the situation is
the same as if the transfer to the legatees, heirs or next
of kin had first become complete, and such persons had then
acted to effect a division among themselves. In making such
a sale, an executor or administrator acts as a representa-
tive of the legatees, heirs or next of kin rather than as a
representative of the estate, and, for purposes of the stock
transfer tax, his acts in this respect are to be treated as
if they were the acts of the parties whom he represents.
Consequently, in such a situation stock transfer taxes would
accrue in accordance with the principles discussed in the
last preceding paragraph.

Trusting that the foregoing discussion satisfac-
torily answers your inquiries, we are

Yours very truly

APPROVED SEP 21, 1943                    ATTORNEY GENERAL OF TEXAS

*Gerald C. Mann*                          By *R. Dean Moorhead*
ATTORNEY GENERAL OF TEXAS
                                              R. Dean Moorhead
                                              Assistant

RDM/JCP

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN