FRIGIDRAFT, INC. *v.* MICHEL ET AL.

[No. 36, October Term, 1951.]

*Decided December 6, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Arthur R. Padgett* for the appellant.

*W. Giles Parker*, with whom were *Joseph Wase, Philander B. Briscoe* and *Daniel E. Klein* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

The appellant corporation was placed in receivership by an order of the Circuit Court of Baltimore City on April 14, 1951, on the application of the appellee Michel. This appellee was an unsecured creditor, claiming $112.70 on open account for printed matter ordered and delivered to the appellant. The bill of complaint alleged that the appellant was insolvent, but did not ask for a dissolution, and was not filed under Article 23, Sec. 97, of the Code. The appellant filed an answer, admitting that the appellee was a creditor of the corporation, but only in the amount of $85.00, and denying that it was insolvent. Subsequently, Arthur Ross and Anna Ross, his wife, filed an intervening petition, repeating the allegation of insolvency, alleging that they had deposited with the appellant $415.00 "in trust" to reserve for them certain refrigeration equipment under a stipulation that if they were unable to obtain a beer license for their proposed tavern, the deposit would be returned. They stated

in their petition that they were unable to obtain the license contemplated, and therefore were entitled to receive back the deposit, and had made demand for it. Testimony was taken, and the decree, after appointing a receiver, stated that in the event the appellant paid to Michel the amount of his claim, namely $112.70, and to the petitioners, Arthur and Anna Ross, the sum of $415.00 on or before ten days after date, and the costs of the proceeding, the receivership would be dismissed. From this decree the appeal was taken here.

It has been held by this court, and by courts in many other jurisdictions, that the aid of a receiver will not be extended to creditors who have not fully exhausted their remedies at law, whose rights rest merely upon alleged contracts not yet reduced to judgment, and who have acquired no liens upon the property of the debtor. The statement of the rule as to individuals, and the cases and authorities for it are fully discussed in *Blake v. Gorsuch,* 166 Md. 647, 654-655, 171 A. 862. The rule is applied in the federal courts to corporate as well as individual debtors, and we see no reason why it should not so apply in this court. It is based upon the right of a debtor to have his defense to a claim heard by a court of law and there determined, before the extraordinary power of equity will intervene and take away all of his assets. If this were not the rule, any unsecured creditor, instead of bringing suit for his claim, could go into an equity court, ask for a receiver, and thereby have that court pass upon the validity of his claim without permitting the debtor to have his defense heard by a jury, in accordance with constitutional guarantees. The power to appoint a receiver should in all cases be exercised with great circumspection, *Williams v. Ice Co.,* 176 Md. 13, 27, 3 A. 2d 507, as it may result in great and unnecessary loss and injury to the debtor. To allow it to be done at the behest of an unsecured creditor, who may never be able to get a judgment in a court of law is an improper assumption of power by the equity court.

We are well aware that, in many cases, the method adopted here by the chancellor has been used to wind up the affairs of an insolvent individual or of an insolvent corporation, but it has not been upheld except where the defendant consents. See *Mathias v. Segaloff*, 187 Md. 690, 696, 51 A. 2d 654. *Perlmutter v. Minskoff*, 196 Md. 99, 75 A. 2d 129. In the case before us, the action was not brought under Sec. 97 of Article 23, as we have already stated, and there was no dissolution asked for. We must therefore conclude that the decree appealed from was improvidently passed, and cannot stand.

*Decree reversed with costs and bill dismissed.*