## DEL-MAR-VA HARDWARE CORPORATION *v.* BOSS MANUFACTURING CO., ET AL.

[No. 153, September Term, 1962.]

478

*Decided January 29, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Henry F. Lankford* for appellant.

*W. Edgar Porter*, with whom were *Webb & Travers* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appeal is by a corporation from an order overruling a demurrer to a bill seeking the appointment of receivers (pursuant to the right of appeal in such case given by Code (1957), Art. 5, Sec. 7 (d)) and from the subsequent order appointing receivers.

The bill filed May 7, 1962, alleges that the complainants are creditors of the corporation, which "for considerable time in

the past has been unable to pay its debts in the ordinary course of business." [1] It alleges further that the corporation's directors are attempting to liquidate it and that the complainants believe the interests of creditors and others justify the appointment of a receiver under Code (1957), Art. 23, Sec. 79. The bill prayed that a receiver be appointed to take possession of assets, reduce them to money, and make distribution among the creditors.

A hearing in open court was set for June 29 by order of court. On that day the demurrer was overruled; and, immediately thereafter, the complainants filed a petition to require the corporation to defer filing Articles of Dissolution with the State Department of Assessment and Taxation until their application for a receiver to wind up the affairs of the corporation had been acted upon.

Then, acting apparently on the allegations of the bill and the petition to require the deferring of voluntary dissolution, Judge Taylor, without hearing testimony, appointed receivers for the corporation with instructions to give bond, to take charge of the corporation's tangible assets, collect debts due it and bring into court an inventory of all its assets and a list of all of its accounts.

It seems clear that the demurrer should have been sustained and that the appointment of receivers was legally unjustified.

The bill explicitly sought relief under Sec. 79 of Art. 23 of the Code, without alleging that the corporation had been dissolved. It is established that until Articles of Dissolution have been accepted by the State, there is no dissolution of a corporation; and, until there is, the statutory power of an equity court, under Sec. 79, to appoint receivers does not come into effect, and the statute is inapplicable. *Baumohl v. Columbia Jewelry Co.,* 209 Md. 278, 288-289.

The appellees say appointment of a receiver was not in reality sought under Sec. 79 of Art. 23 of the Code as part of the process of voluntary dissolution, but rather under Sec. 80, which gives statutory power to an equity court—which other-

---

1. It is to be noted that the standard phrase as to debts—"as they become due"—was not used, but it would seem to be implicit.

wise it would lack—to dissolve a corporation and thereafter appoint a receiver, and that the parties and the lower court so treated the bill of the complainants. If a court is to proceed under Sec. 80, there must be clear proof of insolvency which will justify dissolution, as a prelude to the appointment of a receiver. *Knabe v. Johnson,* 107 Md. 616; *Mason v. Equitable League,* 77 Md. 483; *Goodman v. Jedidjah Lodge,* 67 Md. 117; Brune, Maryland Corporation Law and Practice, Sec. 404 (Rev. Ed.).

There was an allegation of insolvency here but no proof whatever that it existed.

The order appointing receivers indicates that the court did not proceed under either Sec. 79 or Sec. 80 but, rather, exercised its inherent power to appoint a receiver where there is fraud, danger of spoliation, or imminent prospect of loss or injury to property. The complainants, as general contract creditors without liens, lacked standing to sue for this relief. There was no allegation in the bill and no proof that any creditor had obtained a judgment or a lien. Absent this, a creditor is not, under the cases, entitled to have a receiver appointed. *Frigidraft, Inc. v. Michel,* 198 Md. 509; *Blake v. Gorsuch,* 166 Md. 647, and cases cited.

*Orders reversed, with costs.*