FIRST UNION SAVINGS & LOAN, INC.
*v.* BOTTOM, RECEIVER

[No. 51, September Term, 1963 (Adv.).]

*Decided July 12, 1963.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Harris James George,* with whom were *J. Thomas Ellicott* and *Leon H. A. Pierson* on the brief, for appellant.

*Kenneth C. Proctor,* with whom were *Richard A. Reid, Proctor, Royston & Mueller* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The question involved herein is a narrow one: the appellant challenges the propriety of the court's having appointed a receiver for it.

In May of 1962, the Director of the Maryland State Department of Assessments and Taxation, acting pursuant to the pro-

visions of the Code (1961 Cum. Supp.), Article 23, §§ 160K and 160L,[1] filed a suit in equity praying that a receiver be appointed for the appellant, that its charter be declared forfeited and that it be dissolved. In June, appellant filed a demurrer and answer in which it denied insolvency, all of the other accusatory allegations of the bill or that "there was any existing grave emergency or abuse or misuse of corporate powers and franchises."

At that time, the court refused to appoint a receiver *ex parte,* but, on July 24, 1962, it appointed a conservator "with full power and authority to take charge and possession of all its property," and to manage the same under the direction of the court. The conservator was directed to engage a firm of certified public accountants to make a full audit of the books and accounts of the appellant. On December 11, 1962, the conservator filed a petition alleging that he had filed the report of the certified public accountants, which "indicated" that appellant was hopelessly insolvent, and praying the passage of an order that a receiver be appointed unless, within thirty days, the appellant submit a plan for reorganization of the company. The order was passed on the day that it was presented. The appellant filed, on January 10, 1963, a proposed plan for reorganization. The conservator, on January 29th, filed a peti-

---

1. Section 160K provides, *inter alia,* that in the event an association fails or refuses to carry out a final order, the Director, if he feels that the public interest may thereby be served, may apply to a court of equity to appoint a conservator; and such court may appoint a conservator if it finds that the association: (1) is in an impaired or insolvent position; (2) is in substantial violation of any valid and applicable law or regulation; (3) is concealing any of its assets, books or records; or (4) is conducting an unsafe or unsound operation. And within six months, or such time as the court may order, such association shall be returned to its board of directors, or a receiver shall be appointed "as hereinafter provided."

Section 160L authorizes the appointment of a receiver if irregularities complained of in a final order are not corrected, or if irregularities complained of in a petition for the appointment of a conservator are not corrected, or in the case of any emergency, provided the court finds existing any one or more of the four conditions named in 160K, above.

tion requesting that said plan be dismissed, and the court so ordered on the same day.[2] On February 18, 1963, the conservator requested his discharge and the appointment of a receiver in his stead. On the same day, the court discharged the conservator and appointed the appellee the receiver for appellant. On March 12th, appellant filed its answer to the petition of February 18th, and, on the following day, noted this appeal.

Upon this statement of facts, the appellee moves to dismiss the appeal, alleging that the record fails to disclose that appellant has "any interest or right of property" in the matter upon which the judgment appealed from was rendered. He cites (among other cases—all of which have been carefully considered) *Pattison v. Corby,* 226 Md. 97, 101, 172 A. 2d 490 (a zoning case) ; *Patterson v. Gelston,* 23 Md. 432 (a land patent case) ; *Manufacturers & Merchants Co. v. Pyles,* 125 Md. 317, 93 A. 917 (a receivership case) ; and *Preston v. Poe,* 116 Md. 1, 81 A. 178 (also a receivership case). We think these cases are easily distinguishable from the case at bar. The appellant herein is a party of record to the suit. Code (1957), Article 5, Section 6, provides that, "any party may appeal * * * from any final decree * * * entered by a court of equity." Under a previous statute that permitted appeals by "persons parties to the suit," this Court held that said language permitted appeals by parties of record and also persons who were directly interested in the subject matter of the suit. *Karr v. Shirk,* 142 Md. 118, 120 A. 248. It is true that a conservator had been appointed, who had taken over the custody of appellant's property and the management of its affairs, but the appellant had filed an answer denying the material allegations of the original complaint, and it insists that it thought, at all times, that it would be afforded a hearing before a receiver would be appointed.

---

2. The proposed plan contemplated the consolidation of several building and loan associations (all under court supervision) located in various sections of the State. By agreement, the plan was submitted to Judge Oppenheimer of the Supreme Bench of Baltimore City, where three of the associations were located. He disapproved the same. The Daily Record, February 7, 1963.

The appeal was noted "on behalf of First Union Savings and Loan, Inc.," from the order of February 18, 1963, by two members of the bar in good standing, and we cannot assume that this action was taken without proper authority. Cf. *Waltzinger v. Birsner*, 212 Md. 107, 128 A. 2d 617.

First Union was, we think, a party of record and that it had an interest or right of property in the matter upon which the judgment appealed from was rendered, and therefore, had a right to take the appeal herein. It would, indeed, be strange and unusual if the trial court could take away the property and the right to manage the affairs of a corporation from the officials thereof, without a hearing, and the corporation not permitted the right to an appeal; hence, the motion to dismiss will be overruled. Cf. *So. Md. Agri. Ass'n v. Magruder*, 198 Md. 274, 81 A. 2d 592, and cases cited therein.

We turn now to the question relative to the appointment of the receiver. This Court and Courts elsewhere have universally recognized that the appointment of a receiver, *ex parte*, is an extraordinary remedy, which should be granted with great care. When a court orders that a corporation's property and the management of its affairs be taken from its officials, without a hearing, and placed in the hands of an officer of the court, it exercises a delicate and drastic power, one that should only be put into play with great caution and circumspection. *So. Md. Agri. Ass'n v. Magruder, supra;* Miller, *Equity Procedure* § 630; High, *Receivers* § 346.

Ordinarily when a pleading is filed praying for the appointment of a receiver, there should be an order nisi or some opportunity afforded for a hearing by the adverse party. *So. Md. Agri. Ass'n v. Magruder, supra.* If there be no traverse to the allegations of facts in a pleading seeking a receiver, the court acts on its averments and exhibits, and accepts as true all facts properly alleged in the bill and exhibits. *First Continental v. Director,* 229 Md. 293, 183 A. 2d 347. But if an answer under oath be filed before the hearing and the application for a receiver be heard upon bill and answer, the averments of the latter are to be accepted as true. Miller, *op. cit.,* § 623; *Voshell v. Hynson,* 26 Md. 83; *Carrington v. Basshor Co.,* 121 Md. 71,

88 A. 52. And in the absence of statutory authority, the courts should not appoint a receiver, *ex parte,* if it does not clearly appear that there is fraud, spoliation, or imminent danger of loss of property unless immediate possession thereof be taken by the Court. *Brown v. Brown,* 204 Md. 197, 103 A. 2d 856. We held in *First Continental, supra,* that Section 160L does not make the court's jurisdiction depend upon a judicial finding of an emergency, but only on a finding of one or more of the four specified conditions named therein.

The appellant argues that when these principles of law are applied to the facts herein, it shows that the allegations contained in its answer should have been taken as true, that the court should not have appointed the conservator, and that the court had no authority to appoint a receiver without affording it an opportunity to be heard. Appellee counters by suggesting that the trial court was not in error in appointing the conservator, that the chancellor was not limited to the allegations of appellant's answer but was at liberty to consider the audit, that the audit showed that appellant was insolvent to the extent of some $885,000, according to its own books and to a much larger amount after the balance sheet was amended, that the receiver was not, in fact, appointed *ex parte,* and, in any event, the appellant could have had a hearing on the merits by simply filing a motion requesting the same.

We find it unnecessary to consider and answer all of the claims and counter-claims of the parties, for, if we concede that the chancellor had the right to consider the auditors' report, there are two aspects thereof that make it vulnerable, we think, to a claim that it is such clear and satisfactory proof of the facts "indicated" therein, as to justify the appointment of a receiver *ex parte.* First, the principal assets of appellant consist of a number of mortgages. The report states that "special counsel * * * obtained appraisals of a number of the mortgages in the mortgage portfolio." The "appraised values" of the properties that secured the mortgages were subtracted from the "principal balances" upon said mortgages due to appellant, and the total thereof, some $885,000, was set forth as the "amount to be provided as a reserve for losses on mortgages."

However, the appraisals were not included in the report, and, since the receiver was appointed without a hearing, this placed the appraisals in the position of being hearsay evidence "once-removed." No opportunity was afforded appellant to cross-examine the appraisers used by the auditors, nor to produce appraisers of its own.

Second, the report, under the heading of "General Comments" closed as follows:

> "The preceding comments give some indication of the various balance sheet items and the extent of our treatment and examination thereof. Since we are unable to satisfy ourselves as to the validity and collectibility of the mortgages and the sufficiency of the collateral, or to obtain response from all mortgagors to our requests for confirmation of their accounts; and since we were limited by reason of the unavailability of certain supporting records and necessary explanations, there being no knowledgeable personnel present during our audit, *we express no opinion as to the financial position of First Union Savings and Loan Association, Inc., at July 24, 1962* [Emphasis ours]."

We conclude that to sustain the *ex parte* appointment of a receiver, under the above circumstances, would be a departure from the long line of decisions of this Court (some of which were named above) that requires a clear and satisfactory showing of the facts necessary to warrant the appointment of a receiver without an opportunity for a hearing to the adverse party. Cf. *Del-Mar-Va v. Boss Mfg. Co.,* 230 Md. 477, 187 A. 2d 693. We shall, therefore, reverse the order of February 18, 1963, which appointed the appellee receiver, and remand the case for further proceedings. This will, of course, reinstate the order of July 24, 1962, (from which no appeal was taken) appointing a conservator, who shall have custody of the property of the appellant and the right to manage its affairs in accordance with said order, until a hearing can be held to determine whether any of the conditions named in Section 160L exist, so

that a receiver should be appointed or the property and affairs of appellant returned to its board of directors.

*Motion to dismiss denied. Order of February 18, 1963, reversed, and case remanded for further proceedings. Costs below and here to abide the result.*