GUTMAN *v.* SAFE DEPOSIT AND TRUST COMPANY
OF BALTIMORE, TRUSTEE, ET AL.

[No. 154, October Term, 1950.]

*Decided May 23, 1951.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*John J. O'Connor, Jr.,* with whom was *Howard A. Sweeten* on the brief, for the appellant.

The Court declined to hear argument for the appellees.

*J. Elmer Martin,* on the brief, for Harriet F. Gutman Hutzler, appellee.

*Bernard R. Youngman,* on the brief, for Herbert Gutman and others, appellees.

GRASON, J., delivered the opinion of the Court.

Morton Gutman died July 5, 1948. Surviving him were two children: Harriett F. Gutman Hutzler, a child by his first marriage, and Leonard B. Gutman, a child of his second wife by a former marriage, whom he adopted by decree of the Circuit Court of Baltimore City dated May 18, 1928. Harriett claims, as the only child by blood, the one-fifth share of the income of the *corpus* of the trust estate now held by trustees under the will of Frederica Gutman, deceased. Leonard contends that as an adopted child of Morton Gutman he is entitled to share equally with Harriett in the income and the corpus.

Frederica Gutman was the mother of Morton Gutman. She died April 4, 1923, leaving surviving her five children, one of whom was Morton Gutman. She left a will dated the 16th day of July, 1922, which was probated in the Orphans' Court of Baltimore City on April 17, 1923. The clause of that will with which we are especially interested is as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate unto my daughter, Florence, and The Safe Deposit and Trust Company of Baltimore, their survivor and successor in the trusts hereby created; In Special Trust and Confidence to take possession thereof, to collect the incomes therefrom and after paying thereout all legal and proper charges, * * *

"To divide the balance of said income equally among all my children, the descendant or descendants of a deceased child shall take per stirpes the parent's share; at the death of the survivor of all my children, the survivor or successor of my said trustees shall divide my estate into five equal parts, and shall pay and transfer equally, per stirpes and not per capita, one of said parts to the child or children of each of my deceased children; the descendant of a deceased grandchild to take per stirpes a parent's share; if any one or more of my said children die

without leaving any child or children or descendants of such then living, the share or shares of the one so dying, without leaving any surviving child, children or descendants, shall be paid or transferred equally by said trustees' survivor or successor, per stirpes and not per capita, among the child or children of any other deceased child or children, the descendants of a deceased grandchild to take per stirpes a parent's share."

The trustees under the will accepted the trust and have administered it ever since. They filed a bill in the Circuit Court of Baltimore City against Herbert Gutman and others, asking for a construction of Mrs. Gutman's will. The chancellor decreed that Leonard B. Gutman did not take under the will, and that the trustees should pay over the income from the one-fifth share to Harriett F. Gutman Hutzler, and Leonard B. Gutman appeals to this court.

By the Acts of 1947, Chapter 599, the Legislature repealed all laws pertaining to adoption, and enacted new laws pertaining thereto. It also, by said Act, added section 139A to Article 93 of the Code. This section provides:

"* * * there shall be no distinction between a legally adopted child and a child by birth, to the end that such adopted child shall take from, through and as a representative of its adopting parent or parents and the lineal or collateral kindred of such adopting parent or parents in the same manner as a child by birth * * *."

In this opinion we will discuss one question only, viz: whether the Act of 1947, Chapter 599, is retrospective.

In the appellant's brief it is stated:

"We readily concede, if Morton Gutman had died prior to June 1st, 1947, that under the law as it existed from the time Testatrix drafted her will, until June 1, 1947, Leonard B. Gutman, the adopted son, could not have claimed any interest in the estate of the Testatrix, his adoptive grandmother, since

his right to inherit at that time was limited by statute to taking from his adoptive parent, her son." With that statement we are in accord. The only way that Leonard B. Gutman could share under Mrs. Gutman's will would be to hold that the Act of 1947 affected her will. To do that we would have to decide that the Act is retrospective.

In *Hemsley v. Hollingsworth,* 119 Md. 431, at page 441, 87 A. 506, 510, it was said:

"Statutes which are retroactive in their effect are not favored, even if they do not conflict with vested or other rights guaranteed by the Constitution. They strike from behind, and not in the face, where they can be provided for or against. Some of them are exceedingly dangerous, as they are sometimes passed to reach particular cases which are not disclosed to the Legislature. When a statute is susceptible of a construction which will make it prospective, rather than retroactive, especially if by the latter manifest injury may be done, it is the duty of the Court to construe it to be prospective, and it should not be held to be retroactive unless its terms are such as to make that construction imperative. * * * ."

"It is well settled that a statute will not be given a retrospective operation, unless its words are so clear, strong and imperative in their retrospective expression that no other meaning can be attached to them, or unless the manifest intention of the Legislature could not otherwise be gratified." (Authorities cited) *State Tax Comm. v. Potomac Electric Power Company,* 182 Md. 111, 117, 32 A. 2d 382, 384.

In *Kelch v. Keehn,* 183 Md. 140, 147, 36 A. 2d 544, 547, it is stated:

" 'The statute does not, then, contain any expression of intention that it shall affect pre-existing causes of action, and the intention cannot be implied, and, therefore, under the law as is laid down for us, there seems to be no escape from the conclusion that those

causes are not affected.' " See *State to Use of Maines v. A/S Nye Kristianborg,* D. C., 84 F. Supp. 775, at page 778.

The appellant refers to some of our decisions which we feel do not apply to this case. Mrs. Gutman's will was probated in 1923, twenty-four years before the Act of 1947 was passed by the Legislature. The Legislature did not intend to disturb her will, and rights which had become vested under it, for it enacted that the Act should not go into effect before June 1, 1947. The Act, on its face, was clearly prospective and not retrospective. There were other points discussed in the briefs of the parties, but they need not be considered, as what we have said disposes of this case.

The chancellor, in his decree, reserved "the question as to whether such costs, including such counsel fee, shall be paid from the income of the entire Trust Estate or from the income from the one-fifth share of the Estate, the income from which was paid to the said Morton Gutman prior to his death". We are asked by the appellees to determine this question. It was the duty of the chancellor to determine who should pay the costs below. To pass that question to this court is asking us to perform the duty of the chancellor. This we cannot do, as our jurisdiction is to hear and determine causes on appeal. We do not make nisi prius rulings.

The decree will be affirmed and case remanded to the end that the chancellor determine the question of costs.

*Decree affirmed and case remanded.*