BALTIMORE COUNTY, MARYLAND *v.*

WHITE, ET UX.

[No. 329, September Term, 1963.]

214

*Decided June 9, 1964.*

The cause was argued before Brune, C. J., and Hammond, Prescott, Marbury and Sybert, JJ.

*E. Scott Moore, County Attorney,* with whom were *Walter R. Haile* and *Thomas L. Hennessey, Assistant County Attorneys,* on the brief, for appellant.

*Eugene G. Ricks,* with whom was *Michael Paul Smith* on the brief, for appellees.

Sybert, J., delivered the opinion of the Court.

The appellant, Baltimore County, Maryland, filed a petition for condemnation of certain land of the appellees, James White and Oral B. White, his wife, for highway purposes, together with a request for prior entry thereon, as authorized by Baltimore County Code (1962 Cum. Supp.), sec. 2-1.1, *infra,* enacted pursuant to the authority contained in Art. III, sec. 40A, of the Maryland Constitution. In accordance with the ordinance, an appraiser was appointed by the Circuit Court for Baltimore County, the land sought was appraised at $8,821.90, and a prior entry check in that amount was filed with the court clerk. The Whites answered the condemnation petition, and, as permitted by the ordinance, withdrew the prior entry deposit. Subsequently, the Whites filed a petition asking the lower

court to dismiss the condemnation suit, which had not yet been tried, on the basis that the court-appointed appraiser had established the fair market value of the property; that they were satisfied with the sum of $8,821.90; and that they were ready, willing, and able to execute a deed to the County for the property. On the same day, without a hearing, the court signed an order directing the County to dismiss its petition for condemnation and to accept a deed from the Whites. The County appeals from the order.

The principal question presented is whether, after requesting prior entry pursuant to the ordinance, and paying the appraised value of the land into court, the County is in a position to insist upon a trial to determine the fair market value of the land taken, over the objection of the condemnees who are satisfied with the amount fixed by the court-appointed appraiser.

Section 2-1.1 of the County Code, containing the prior entry provisions, reads in pertinent part, as follows:

"Whenever proceedings are instituted under the provisions of Article 33A, 'Eminent Domain', of the Annotated Code of Maryland, 1957 edition, and any amendments thereto, by Baltimore County, Maryland for the acquisition of any private property situate in Baltimore County, needed for any public purpose, the county may file with its Petition for Condemnation a request for the appointment by the Circuit Court for Baltimore County * * * of an appraiser to value such property. The Court may thereupon appoint as appraiser one citizen of the county of Baltimore, not in any wise interested in the property to be condemned, * * *. The appraiser shall * * * return said valuation to the Court * * * by filing the same in said proceedings with the clerk of the Circuit Court. *The appraisal and valuation of the court-appointed appraiser shall not be admissible evidence in the trial of the condemnation case, nor shall the said appraiser be allowed to testify for or against any party to the case.* Immediately upon the return by the appraiser of his valuation to the Court, the county may pay to the

owner or owners of such property * * * the amount of such valuation, or the county may pay said amount into the Circuit Court for Baltimore County, into the hands of the clerk thereof, and to be thereafter paid over by such clerk to said owner or owners at any time such owners will accept and receive the same. Upon such payment to the owner or owners or into Court, the county may take possession of the property and proceed with the improvement for which the same is sought to be acquired. *Thereafter the proceedings shall continue, and the jury may fix the damages as if said payment had not been made.* * * * The acceptance by the property owner of the sum fixed by the appraiser shall not prejudice his contention, if he makes such contention, that he should be allowed a larger sum * * *. *If, however, the amount awarded by the jury shall be less than the amount fixed by the appraiser, the property owner shall be liable to the county for such excess.* * * *" (Emphasis supplied.)

The County contends that the exercise of its right to enter upon properties after depositing the amount of the court-appointed appraiser's estimate of value, in accordance with the ordinance, does not prevent it from later having fair market value determined in accordance with normal trial procedures. On the other hand, the appellees contend that if the County pays into court the amount of the appraiser's valuation, the property owner has the option, under the ordinance, to elect either to accept the amount of the deposit as just compensation for the land to be taken, thereby terminating the condemnation proceedings, or to contest the case further. If the County disagrees with the amount fixed by the appraiser, they argue, it may elect not to pay the sum into court and enter upon the property, still having the right to try its case without prior entry. But if the County deposits the appraiser's figure in court, they say, it cannot be heard to claim that that sum does not represent fair market value, and it cannot, over the objection of the property owner, require a jury trial to determine the amount of just compensation payable to the owner. The appellees in-

sist that any other construction of the prior entry ordinance would be in contravention of Art. III, secs. 40 and 40A of the Maryland Constitution, which provide that no law shall be enacted authorizing private property to be taken for public use without just compensation having first been "paid or tendered to the party entitled to such compensation".

We find ourselves unable to read the ordinance as the appellees desire. We think the phraseology shows clearly and beyond any question that the payment of the amount of the appraiser's valuation into court and the withdrawal of it by the condemnee, does not put an end to further proceedings, even if the condemnee is willing to accept that sum as the fair market value of the property taken, and that the condemnor, as well as the condemnee, is afforded the right of trial to determine the fair market value. This is the natural and necessary import of the clause providing that the "valuation of the court-appointed appraiser shall not be admissible evidence in the trial of the condemnation case", and of the passage stating that, after payment into court and the taking of the property, "the proceedings shall continue, and the jury may fix the damages as if said payment had not been made". And the legislative intent is rendered crystal clear by the addition of the sentence, "If, however, the amount awarded by the jury shall be less than the amount fixed by the appraiser, the property owner shall be liable to the county for such excess." Cf. *Patterson v. M. & C. C. of Balto.*, 127 Md. 233, 96 Atl. 458 (1915).

We have often said that in construing a statute, "the Court considers its language in its natural and ordinary signification". *Height v. State,* 225 Md. 251, 170 A. 2d 212 (1961), and cases cited. If there is no obscurity or ambiguity on its face, there is no occasion for construction. *Pressman v. Barnes,* 209 Md. 544, 558, 121 A. 2d 816 (1956). Nowhere in sec. 2-1.1 is there any provision which necessarily terminates the condemnation proceeding if the condemnees are willing to accept the amount paid into court as the fair market value. Nor is there any provision that the amount paid into court shall constitute a final determination. That idea is negated by the portions of the section quoted in the preceding paragraph. Just as a statute will not be extended by construction when it is free from ambiguity,

neither will it be restricted, as the appellees would have us do in the present case—to give only the condemnees the right to a subsequent trial if dissatisfied with the court-appointed appraiser's estimate of value. "A statute should be construed according to the ordinary and natural import of the language used, unless a different meaning is clearly indicated by its context, without resorting to subtle or forced interpretations for the purpose of extending or limiting its operation", *Dundalk Liquor Co. v. Tawes,* 197 Md. 446, 455, 79 A. 2d 525 (1951). See also *Grimm v. State,* 212 Md. 243, 246, 129 A. 2d 128 (1957); *Maguire v. State,* 192 Md. 615, 621, 65 A. 2d 299 (1949); *Schmeizl v. Schmeizl,* 186 Md. 371, 375, 46 A. 2d 619 (1946).

We find no merit in the appellees' contention that if sec. 2-1.1 is interpreted to allow the condemnor the right to a subsequent trial to determine the fair market value of the condemnees' land, it would conflict with Art. III, secs. 40 and 40A of the Maryland Constitution. The appellees suggest that when the County deposited the amount of the appraisal in court, it was thereafter estopped from denying that the deposit represents the fair market value "because any other position on its part would be in complete violation of the Constitutional prohibition against taking private property without tendering or paying into Court an amount representing fair value or just compensation." They urge that the payment into court amounted to a tender to them of an amount representing fair market value, and that when they accepted it as fair market value, the issue was foreclosed.

We cannot agree. The appellees' argument is based upon a misinterpretation of the provisions of sec. 40A of Art. III of the Maryland Constitution. It is perfectly true that secs. 40 and 40A of Art. III both provide, as the appellees stress, that the General Assembly shall enact no law authorizing private property to be taken for public use without just compensation, as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to such compensation. But sec. 40A, which is here controlling, goes on to make provision for the "immediate taking" of private property for public use in Baltimore City and in Baltimore and Montgomery Counties. With respect to Baltimore County, sec. 40A author-

ized the County Council to "provide for the appointment of an appraiser or appraisers by a Court of Record to value such property and that upon payment of the amount of such evaluation, to the party entitled to compensation, or into Court, and securing the payment of any further sum *that may be awarded by a jury,* such property may be taken." (Emphasis supplied.) The constitutional provision contains a safeguard to assure the property owner of payment of the full value of his property as ultimately determined by a jury, but does not require the County to pay what a jury may find to be an excessive valuation for the property. Thus it is manifest that the constitutional provision stands as no bar to the provision of the implementing ordinance (sec. 2-1.1, *supra*) that the payment of the amount of the appraisal to the property owner, or its deposit in court, shall not constitute a final or binding determination which would thereafter preclude the condemnor—or the condemnee—from demanding a trial to have fair market value fixed in accordance with normal trial procedures. Compare sec. 40B of Art. III of the Maryland Constitution, which makes provision for the "immediate taking" by the State Roads Commission of private property needed for highway purposes, and Code (1957), Art. 89B, sec. 9, its implementing statute, and *State Roads Comm. v. Franklin,* 201 Md. 549, 95 A. 2d 99 (1953).

The appellants seek to make the point that when the County paid the amount of the appraiser's valuation into court, it admitted, in an accompanying petition, that the appraisal represented the fair market value of the property to be condemned. We think the appellees read too much into the petition. We interpret the wording to be merely a recitation that the appraiser had established the amount as his estimate of the fair market value. The County has shown by its actions throughout the case that it intended no admission against interest in the petition.

We therefore hold that the lower court erred in treating the appellees' acceptance of the amount paid into court as a final determination of fair market value, and in requiring the dismissal of the condemnation proceeding and the acceptance of a deed by the County without affording it the opportunity of a trial to determine the amount to be paid as just compensation for the land taken.

The appellant also contends that the lower court erred in passing the disputed order at the request of the appellees, without affording the appellant the opportunity of a hearing. We must agree. The order was obviously a final order, as it purported to deprive the County of the right to proceed further in the case. Cf. *Concannon v. State Roads Comm.*, 230 Md. 118, 186 A. 2d 220 (1962). Generally speaking, no final order concluding the rights of a party to an adversary proceeding should be passed without giving the affected party an opportunity to be heard. Cf. *First Union v. Bottom*, 232 Md. 292, 296, 193 A. 2d 49 (1963), and cases cited. See 12 Am. Jur., *Constitutional Law*, sec. 607; 16A C.J.S., *Constitutional Law*, sec. 622, and cases cited.

> *Order reversed; case remanded for further proceedings; costs to be paid by appellees.*