SLATE ET AL. *v.* ZITOMER ET AL.

* * *

## CHURCH *v.* GASPERICH

[No. 160, September Term, 1974.]

*Decided July 14, 1975.*

*Motion for rehearing filed August 12, 1975; denied August 27, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*William A. Ehrmantraut,* with whom were *Joseph Montedonico* and *Donahue & Ehrmantraut* on the brief, for Leland Memorial Hospital; *Thomas Scanlon* on the brief, for Herman I. Slate; and *Frederick G. Savage,* with whom were *Frank J. Vecella, Ward B. Coe, III* and *Anderson, Coe & King* on the brief, for Gerard Church, for appellants.

*James D. Newton,* with whom was *William F. Hickey* on the brief, for Benjamin Zitomer et al., part of appellees; and *James C. Cawood, Jr.,* for Francis G. Gasperich, other appellee.

*Amicus Curiae* brief filed by Susanne Berry Howard, *Francis N. Iglehart* on the brief.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., and LEVINE, J., dissent and LEVINE, J., filed a dissenting opinion in which MURPHY, C. J., concurs at page 545 *infra.*

The two cases which we decide in this opinion, *Slate v. Zitomer* and *Church v. Gasperich,* present the issue of whether a 1971 amendment to the wrongful death statute, extending the period of limitations for bringing a wrongful death action from two years to three years, is to be applied retroactively to such actions arising after July 1, 1969, but before July 1, 1971, the effective date of the amendment.

The extension of the period of limitations for a wrongful death action was accomplished by enactment of Chapter 784 of the Acts of 1971. Section 1 of Chapter 784 amended Maryland Code (1957, 1970 Repl. Vol., 1973 Cum. Supp.), Art. 67, § 4 (a),[1] by providing that "every such action shall be commenced within *three* years after the death of the deceased person" instead of within two years after death as previously set forth. Section 2 of Chapter 784 provided: "the provisions of this Act shall be applied prospectively and retrospectively to have effect upon or application to any cause of action arising prior to July 1, 1968."

In *Smith v. Westinghouse Electric,* 266 Md. 52, 291 A. 2d 452 (1972), this Court was confronted with the issue of the constitutionality of § 2 of Ch. 784, when it was applied as literally written. The cause of action for wrongful death involved in *Smith v. Westinghouse Electric* had arisen on June 15, 1968, and the wrongful death suit had been filed on June 9, 1971. This Court held that the retroactive application of the three year period of limitations to causes arising

---

1. Now Maryland Code (1974), § 3-904 (f) of the Courts and Judicial Proceedings Article.

before July 1, 1968, was unconstitutional because it violated the due process and equal protection clauses of the Federal Constitution, as well as Article 23 of the Maryland Declaration of Rights.

Turning to the present cases, in *Slate v. Zitomer* the plaintiffs alleged that their decedent, Ruth Miriam Zitomer, was injured in a motor vehicle accident on October 20, 1969, and was thereafter admitted for medical treatment to Leland Memorial Hospital. They further alleged that, as a result of the malpractice of the hospital and Herman I. Slate, a physician, their decedent died on November 6, 1969. The plaintiffs filed their declaration against Dr. Slate and Leland Memorial Hospital on July 13, 1972, in the Circuit Court for Prince George's County. Both defendants filed pleas of limitations and motions for summary judgment. The circuit court struck the pleas and denied the motions. However, on motions for reconsideration, the circuit court (Bowie, J.) reconsidered its ruling and granted the pleas of limitations. The court, in concluding that the causes of action were barred by limitations, relied on *Smith v. Westinghouse Electric, supra; Blocher v. Harlow*, 268 Md. 571, 303 A. 2d 395 (1973); and Judge Beardmore's opinion for the Circuit Court for Anne Arundel County in the case of *Adams v. Culp* (Law No. C-7014, 1973). The plaintiffs then appealed to the Court of Special Appeals which reversed the decision of the circuit court, *Zitomer v. Slate*, 21 Md. App. 709, 321 A. 2d 328 (1974). We granted certiorari and consolidated *Slate v. Zitomer* with *Church v. Gasperich*, which had been decided on the same day by the Court of Special Appeals.

In *Church v. Gasperich*, the plaintiff's decedent, Eva Gasperich, had died on November 15, 1969, at the age of 80, while under the care and treatment of the defendant physician, Gerard Church. The plaintiff filed a wrongful death suit against Church on October 25, 1972, in the Circuit Court for Anne Arundel County. The defendant filed a plea of limitations and a motion for summary judgment. As in *Slate v. Zitomer*, the circuit court at first struck the defendant's plea and denied his motion. On a motion for

reconsideration the court (Melvin, J.) granted the defendant's plea, relying on *Smith v. Westinghouse Electric, supra,* and on *Adams v. Culp, supra.* As noted above, an appeal to the Court of Special Appeals was taken.

The Court of Special Appeals, in deciding *Slate v. Zitomer* and *Church v. Gasperich,* held first that the General Assembly had the constitutional authority to enlarge retroactively the period of limitations for a wrongful death action when the cause of action had not yet been barred under the period of limitations in effect when the cause of action arose. That court then stated that the act extending the period of limitations to three years "shows 'a contradictory intent' " with respect to its retrospective application. Nevertheless, the Court of Special Appeals concluded that examination of the act revealed that the Legislature had intended the new period to apply to causes of action in existence, but not yet barred, as of the effective date of the amendment, July 1, 1971.

We cannot agree with the Court of Special Appeals' holding that the language of the act shows a legislative intent to apply the new period of limitations retroactively to causes of action arising after July 1, 1969. Rather, we conclude that retroactive application of the act to causes of action arising after July 1, 1969, is clearly not justified by the statutory language. Therefore, it is not necessary for us to reach the issue of the Legislature's constitutional power to apply retroactively the amendment in the manner upheld by the Court of Special Appeals.[2]

---

2. Although we agree with the defendants that Ch. 784 does not apply to causes of action arising between July 1, 1969, and July 1, 1971, we reject one of the arguments made by the defendants. Relying upon language in Johnson v. State, 271 Md. 189, 195, 315 A. 2d 524 (1974), which quoted Norton v. Shelby County, 118 U. S. 425, 442, 6 S. Ct. 1121, 30 L. Ed. 178 (1886), to the effect that an unconstitutional statute "cannot be relied on as a manifestation of legislative intent, and 'is, in legal contemplation, as inoperative as though it had never been passed,' " defendants claim that none of the language in § 2 of Ch. 784 can be looked to because, they assert, the entire section was declared unconstitutional in Smith v. Westinghouse Electric, *supra.*

Defendants' argument overlooks the admonition that language "in a judicial opinion must be viewed in the context in which it appears," Bringe v. Collins, 274 Md. 338, 343, 335 A. 2d 670, 674 (1975). In Johnson v. State,

The plaintiffs argue that the words of Ch. 784, § 2, that "the provisions of this Act shall be applied prospectively and retrospectively to have effect upon or application to any cause of action arising prior to July 1, 1968," indicate a legislative intent that the amendment of the period of limitations was to have a retrospective application. They further argue that the phrase "prior to July 1, 1968," should be deemed an error of draftsmanship, and that the real legislative intent was that the new period of limitations apply to cases arising "subsequent" to July 1, 1968.

It is true that the primary rule in the construction of statutes is "to effectuate the real and actual intention of the legislature." *Height v. State,* 225 Md. 251, 257, 170 A. 2d 212 (1961). However, in ascertaining the legislative intent, "the words of the statute are [deemed to be] used in their ordinary and popular sense and if the face of the statute does not show some contradictory intention then we will look no further." *Department v. Greyhound,* 247 Md. 662, 669, 234 A. 2d 255 (1967); *Pressman v. Barnes,* 209 Md. 544, 558, 121 A. 2d 816 (1956). This Court has often stated that "a statute should be construed according to the ordinary and natural import of the language used, unless a different meaning is clearly indicated by its context, without resorting to subtle or forced interpretations for the purpose of extending or limiting its operation." *Balto. County v. White,* 235 Md. 212, 218, 201 A. 2d 358 (1964); *see also Grosvenor v. Supervisor of Assess.,* 271 Md. 232, 237-238, 315

---

*supra,* the defendant was relying upon certain statutory language as giving him a particular procedural right in connection with his criminal trial, when the statutory language relied upon had been declared unconstitutional in its entirety prior to the defendant's criminal trial. However, in other contexts, the language from Norton v. Shelby County, *supra,* quoted in *Johnson,* has been deemed overly broad and inapplicable. *See* Chicot County Drainage Dist. v. Baxter State Bank, 308 U. S. 371, 374, 60 S. Ct. 317, 84 L. Ed. 329, *reh. denied,* 309 U. S. 695, 60 S. Ct. 581, 84 L. Ed. 1035 (1940).

In Smith v. Westinghouse Electric, *supra,* this Court did not hold that § 2 of Ch. 784 was unconstitutional in its entirety, and could have no application under any circumstances. Instead, the holding was that § 2 of Ch. 784 was unconstitutional as applied to causes of action which were already barred by limitations at the time § 2 was enacted. The Court in *Smith* did not consider the matter of a cause of action arising between July 1, 1969, and July 1, 1971.

A. 2d 758 (1974); *Radio Communications, Inc. v. Public Service Commission*, 271 Md. 82, 93, 314 A. 2d 118 (1974). And in *Md. Medical Service v. Carver*, 238 Md. 466, 478, 209 A. 2d 582 (1965), the Court said:

> "If the legislative intent is expressed in clear and unambiguous language, this will be carried into effect by this Court even if this Court might be of the opinion that the policy of the legislation is unwise, or even harsh or unjust, if no constitutional guarantees are impaired by the legislation."

*See also Schmeizl v. Schmeizl,* 186 Md. 371, 375, 46 A. 2d 619 (1946).

Moreover, courts may not "attempt, under the guise of construction, to supply omissions or remedy possible defects in the statute, or to insert exceptions not made by the Legislature." *Amalgamated Insurance v. Helms,* 239 Md. 529, 535-536, 212 A. 2d 311 (1965).

The language of § 2 of Ch. 784 of the Acts of 1971 is that the new three year period of limitations for wrongful death actions is to be applied "prospectively and retrospectively to have effect upon or application to any cause of action arising *prior to July 1, 1968.*" (Emphasis supplied.) Plaintiffs would have us give the words "prior to July 1, 1968," a meaning exactly the opposite of what they denote. To construe "prior to" as meaning "subsequent to," would be in direct contradiction of the principle that the words used by the Legislature are the primary source for ascertaining legislative intent.

Other principles of statutory construction also lead to the conclusion that Ch. 784 should not be given retroactive effect to causes of action accruing after July 1, 1969. As just pointed out, nothing in the language of Ch. 784 indicates that it was to be applied retroactively to causes of action arising between July 1, 1969, and July 1, 1971. This Court in *Janda v. General Motors,* 237 Md. 161, 168-169, 205 A. 2d 228 (1964), set forth rules "to aid in determining whether a statute is to be applied retrospectively or prospectively." One

principle delineated by the Court in *Janda* was stated as follows:

> "Ordinarily a statute affecting matters or rights of substance will not be given a retrospective operation as to transactions, matters and events not in litigation at the time the statute takes effect:
>
>> '... unless its words are so clear, strong and imperative in their retrospective expression that no other meaning can be attached to them, or unless the manifest intention of the Legislature could not otherwise be gratified. ... (citing cases). An amendatory Act takes effect, like any other legislative enactment, only from the time of its passage, and has no application to prior transactions, unless an intent to the contrary is expressed in the Act or clearly implied from its provisions.' *Tax Comm. v. Power Company,* 182 Md. 111, 117."

Later, in *State Farm v. Hearn,* 242 Md. 575, 582, 219 A. 2d 820 (1966), the Court stated:

> " 'The general presumption is that all statutes, State and federal, are intended to operate prospectively and the presumption is found to have been rebutted only if there are *clear expressions in the statute* to the contrary. Retroact[ivity], even where permissible, is not favored and is not found, except upon the plainest mandate in the act.' *Bell v. State,* 236 Md. 356, 369, 204 A. 2d 54 (1964). . . . This rule of construction is particularly applicable where the statute adversely affects substantive rights, rather than only altering procedural machinery. *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 253-54, 137 A. 2d 680 (1958) and cases therein cited." (Emphasis supplied.)

*See also Rigger v. Baltimore County,* 269 Md. 306, 310, 305 A. 2d 128 (1973); *Unsatisfied Fund v. Bowman,* 249 Md. 705, 708, 241 A. 2d 714 (1968); *Dixon v. Checchia,* 249 Md. 20, 23,

238 A. 2d 247 (1968); *Gutman v. Safe Deposit & Trust Co.*, 198 Md. 39, 43, 81 A. 2d 207 (1951); *Tax Comm. v. Power Co.*, 182 Md. 111, 117, 32 A. 2d 382 (1943).

Clearly, in the case at bar, the substantive rights of the respective defendants would be affected by retrospective application of the three year period of limitations. The rule in Maryland is that, since the wrongful death statute created a new liability not existing at common law, compliance with the period of limitations for such actions is a condition precedent to the right to maintain the action. The period of limitations is part of the substantive right of action. *Smith v. Westinghouse Electric, supra,* 266 Md. at 55-56; *Dunnigan v. Cobourn,* 171 Md. 23, 25-26, 187 A. 881, 107 A.L.R. 1045 (1936); *State v. Parks,* 148 Md. 477, 479-482, 129 A. 793 (1925). *See also Cotham and Maldonado v. Board,* 260 Md. 556, 563, 273 A. 2d 115 (1971); *London Etc. Co. v. Steamship Co.,* 161 Md. 145, 157, 155 A. 334, 338, 77 A.L.R. 1302 (1931).

Recently this Court was confronted with a similar issue of retroactivity in *Blocher v. Harlow, supra.* In *Blocher,* the plaintiffs had filed suit against the administrator of an estate seeking damages for injuries resulting from the alleged negligence of the deceased. The suit had been filed over two years after the administrator had been appointed. The administrator moved for a summary judgment on the ground that the suit had not been initiated within six months of the administrator's appointment as required by Code (1957), Art. 93, § 112. The administrator argued that an amendment of § 112, which permitted an action against an estate to be initiated within the time allowed by the general statute of limitations if the deceased was covered by an insurance policy, was inapplicable because the plaintiffs' cause of action accrued before the effective date of the amendment. The amendment contained no language indicating that it should have been retroactively applied as contended by the plaintiffs. This Court pointed out (268 Md. at 581):

> "that where a limitation period is stipulated in a statute creating a cause of action it is not to be

considered as an ordinary statute of limitations, but is to be considered as a limitation upon the right as well as the remedy, with the result that as to causes of action already accrued at the time of the enactment of a subsequent statute enlarging the limitation period on such causes of action the subsequent statute will not be held applicable so as to extend or enlarge the original limitation period, particularly where no legislative intent to give the subsequent statute a retroactive application clearly appears from its language."

In *Blocher*, the Court held that the right of action against the estate of the deceased had accrued when the alleged tortious act of the deceased had taken place, which was before the effective date of the amendment of § 112, and not when the administrator had been appointed, which was after the effective date of the amendment. The Court concluded that the amendment of § 112 did not have retroactive effect to actions arising before its effective date, and therefore that the earlier version of § 112, which provided a six month limit for all suits against the estate, was applicable.

In the instant cases, we are presented with a type of action created by statute, which statute contains a period of limitations for bringing the action. As in *Blocher*, the period of limitations in Art. 67, § 4 (a), is a substantive provision rather than a procedural one. Thus, as in *Blocher*, the rule quoted above from *Janda* is applicable to require that prospective application of the amended version of Art. 67, § 4 (a) be made, unless the Legislature has clearly expressed its intent that the provision be retroactive in application. Certainly, the Legislature did not clearly express an intention that Ch. 784 be made retroactive to causes of action accruing after July 1, 1968.

The Court of Special Appeals was of the view that the language of Ch. 784, § 2, applied literally, led to "bizarre and preposterous results" and that such a situation should be avoided by construing the statute so as to encompass the

subject causes of action. The court pointed to the rule of statutory construction that statutes are not to be interpreted so as to lead to absurd consequences. *Farber's Inc. v. Comptroller,* 266 Md. 44, 51, 291 A. 2d 658 (1972); *Coerper v. Comptroller,* 265 Md. 3, 6, 288 A. 2d 187 (1972). The Court of Special Appeals pointed out that literal application of Ch. 784, § 2, would have permitted revival of wrongful death actions which had been filed between two and three years after they accrued in cases long before July 1, 1968, while providing no such benefit to cases arising after July 1, 1968. Whatever "bizarre and preposterous results" may have resulted from the application of § 2 according to its terms have been foreclosed by our decision in *Smith v. Westinghouse Electric, supra.* Furthermore, the rule that absurd results are to be avoided does not extend so far as to allow a court to substitute for the words "prior to July 1, 1968" words conveying an exactly opposite meaning.

The Court of Special Appeals also concluded that the Legislature had the authority to extend retroactively the period of limitations for those actions whose original periods of limitations had not expired at the time the amendment of Art. 67, § 4 (a), by Ch. 784, became effective. The defendants, on the other hand, vigorously argue that they had a vested interest in having their liability under the wrongful death statute decided within two years after the rights of action against them accrued. They contend that retroactive application of the extension of the period of limitations would be a denial to them of due process. While we express no view with regard to the contention on this point, we note that their constitutional argument is not frivolous. *See, e.g., Smith v. Westinghouse Electric, supra; Allen v. Dovell,* 193 Md. 359, 363, 66 A. 2d 795 (1949). Thus, we find pertinent to the cases at bar the rule of statutory construction that

> "... if a legislative act is susceptible of two reasonable interpretations, one of which would not involve a decision as to the constitutionality of the act while the other would, the construction which

avoids the determination of constitutionality is to
be preferred."

*Md. St. Bd. of Barber Ex. v. Kuhn,* 270 Md. 496, 505, 312 A.
2d 216 (1973). *See also City of Gaithersburg v. Montgomery
County,* 271 Md. 505, 510, 318 A. 2d 509 (1974); *District Land
v. Wash. S. S. C.,* 266 Md. 301, 312, 292 A. 2d 695 (1972).

In sum, the provisions of Ch. 784, § 2, of the Acts of 1971,
making the amendment to Art. 67, § 4 (a), retroactive to
causes of action accruing prior to July 1, 1968, do not
demonstrate a legislative intent that the amendment be
retroactive to causes of action arising between July 1, 1969,
and July 1, 1971. Therefore, the decisions of the Court of
Special Appeals must be reversed and the decisions of the
Circuit Courts for Anne Arundel County and Prince
George's County affirmed.

> *Judgments of the Court of Special
> Appeals reversed.*
> *Cases remanded to the Court of
> Special Appeals with directions
> to affirm the judgments of the
> Circuit Court for Anne Arundel
> County and the Circuit Court
> for Prince George's County.*
> *Costs to be paid by respondents.*

*Levine, J., dissenting:*

I respectfully dissent. On the key issue in this case,
whether the amendment to Maryland Code (1957, 1970 Repl.
Vol., 1973 Cum. Supp.) Art. 67, § 4 (a) is to be given
retroactive application, the majority holds:

> ". . . the rule quoted above from *Janda* [*v. General
> Motors,* 237 Md. 161, 168-69, 205 A. 2d 228 (1964)] is
> applicable to require that prospective application of
> the amended version of Art. 67, § 4 (a) be made,
> unless the Legislature has clearly expressed its
> intent that the provision be retroactive in
> application. Certainly, *the Legislature did not*

*clearly express an intention that Ch. 784 be made
retroactive to causes of action accruing after July 1,
1968."* (emphasis added).

While agreeing with the general rule from *Janda* relied on
by the majority, I would hold that here the Legislature has
clearly expressed its intent that the provision be retroactive
in application. If the words "shall be applied prospectively
and retrospectively" are deemed insufficient for this
purpose, I am at a loss to understand what the majority
would regard as a clear expression of intent.

The cardinal rule of statutory construction is to ascertain
and carry out the real legislative intent, *Md.-Nat'l Cap. P. &
P. v. Rockville,* 272 Md. 550, 555, 325 A. 2d 748 (1974); *Radio
Com., Inc. v. Public Serv. Comm'n,* 271 Md. 82, 93, 314 A. 2d
118 (1974); *Scoville Serv., Inc. v. Comptroller,* 269 Md. 390,
393, 306 A. 2d 534 (1973); *Silberman v. Jacobs,* 259 Md. 1, 267
A. 2d 209 (1970); and if there is no ambiguity or obscurity in
the language of a statute, there is usually no need to look
elsewhere to ascertain the intent of the Legislature,
*Md.-Nat'l Cap. P. & P. v. Rockville, supra,* 272 Md. at 556;
*Scoville Serv., Inc. v. Comptroller, supra,* 269 Md. at 393-94.

Where, as here, however, a literal reading of the statute
leads to totally absurd consequences which could never have
been intended by the Legislature, this Court must determine
the real legislative intent, *Fairchild v. Maritime Air Serv.,*
274 Md. 181, 186, 333 A. 2d 313 (1975); *Blocher v. Harlow,* 268
Md. 571, 584, 303 A. 2d 395 (1973); *Farber's, Inc. v.
Comptroller,* 266 Md. 44, 51, 291 A. 2d 658 (1972); *Pan Am.
Sulphur v. State Dep't,* 251 Md. 620, 627, 248 A. 2d 354
(1968). Furthermore, wherever possible, a statute should be
read so that no word, clause, sentence or phrase is rendered
surplusage, superfluous, meaningless or nugatory, *St. Paul
Fire & Marine Ins. Co. v. Insurance Commissioner,* 275 Md.
130, 339 A. 2d 291; *A. H. Smith Sand & Gravel v. Dep't,*
270 Md. 652, 659, 313 A. 2d 820 (1974); *Baltimore City
v. United Stores,* 250 Md. 361, 368-69, 243 A. 2d 521
(1968); *Thomas v. Police Commissioner,* 211 Md. 357, 361,
127 A. 2d 625 (1956).

Chapter 784 of the Laws of 1971, effective July 1, 1971, amended Art. 67, § 4 (a) so as to enlarge the limitations period in wrongful death cases from two to three years. Section 2 of Ch. 784 provides:

> *"And be it further enacted,* That the provisions of this Act shall be applied prospectively and *retrospectively* to have effect upon or application to any cause of action arising prior to July 1, 1968." (emphasis added).

Read literally, this section would apply to all wrongful death cases arising prior to July 1, 1968, and to such cases arising after July 1, 1971; however, it would not apply to those cases arising between July 1, 1968, and July 1, 1971. For all cases arising prior to July 1, 1968, therefore, the new three-year limitations period would have elapsed prior to the effective date of the very amendment enlarging the limitations period. In short, under this interpretation, § 2 of Ch. 784 expired before it even applied, except for the remote possibility of a wrongful death suit being *filed prior to* the effective date of the amendment, but between two and three years after the cause of action accrued.[1]

Such an absurd reading of the amendment, which renders an entire section virtually superfluous and meaningless, cannot be what the Legislature contemplated. Since it is to be assumed that the Legislature intended a rational result in enacting § 2, one can only conclude that it meant to apply the amendment retroactively to all cases arising after July 1, 1968, that is, to all cases which would not have been barred under the enlarged limitations period as of the effective date of the amendment. In my view, the words "prior to" can only be deemed an error of draftsmanship and, in light of the true legislative intent, should be replaced with the words "subsequent to."

Having thus concluded that the Legislature has clearly

---

1. This is the fact situation which, on constitutional grounds, was held not to support recovery in Smith v. Westinghouse Electric, *infra.*

expressed its intent to apply Ch. 784 retroactively, I would reach the constitutional issues not decided by the majority.

In *Smith v. Westinghouse Electric,* 266 Md. 52, 291 A. 2d 452 (1972), this Court declared § 2 of Ch. 784 unconstitutional as literally written, when applied to a case which arose prior to July 1, 1968. We there held that the provision violated both the Equal Protection and Due Process guarantees of the Federal Constitution, as well as Article 23 of the Maryland Declaration of Rights. The Equal Protection violation is readily obviated by a construction of § 2 which avoids the arbitrary distinction between cases arising prior to July 1, 1968, and those arising subsequent thereto. Also, Due Process was held to be violated on the ground that the plaintiff's substantive right to bring a wrongful death action had terminated prior to the effective date of the amendment, and that the attempt in § 2 to revive this expired substantive right deprived the defendant of a vested property interest.

Thus, *Smith v. Westinghouse Electric, supra,* stands for the principle that due process is violated by a retroactive application of Ch. 784 to causes of action which had expired under the old limitations provision as of the effective date of the amendment, *i.e.,* to causes of action accruing prior to July 1, 1969.

In the present cases, which arose subsequent to July 1, 1969, the plaintiffs' rights had not yet expired when the amendment took effect on July 1, 1971. Consequently, no vested property interests of the defendants were infringed, and due process was not violated. *See Pratt v. Hayes,* 20 Ill.App.2d 457, 156 N.E.2d 290, 296, 79 A.L.R.2d 1071 (1959); *Nichols v. Wilbur,* 256 Ore. 418, 473 P. 2d 1022, 1023 (1970). The fact that the amendment has been declared unconstitutional as to some circumstances, as the majority noted in footnote 2 of its opinion, does not mean it is unconstitutional *in toto, Compensation Board v. Albrecht,* 183 Md. 87, 96, 36 A. 2d 666 (1944).

It is my opinion, therefore, that the Legislature clearly intended the amendment to apply retroactively to cases

arising subsequent to July 1, 1968, but that such application is unconstitutional under *Smith v. Westinghouse Electric, supra,* in regard to those cases arising prior to July 1, 1969. The amendment, therefore, would apply retroactively to all wrongful death cases arising after July 1, 1969. Since the two cases before us arose subsequent to that date, I would affirm the decision of the Court of Special Appeals. Chief Judge Murphy authorizes me to state that he concurs in this opinion.