# DONNIE CHAVEZ DORSEY *v.* STATE OF MARYLAND

[No. 961, September Term, 1975.]

*Decided April 15, 1976.*

The cause was argued before MORTON, MENCHINE and MELVIN, JJ.

*Nathaniel Crow Fick, Jr., Assigned Public Defender,* for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *John Prevas, Assistant State's Attorney for Baltimore City* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

On April 15, 1975, the defendant, Donnie Chavez Dorsey, was brought to trial in the Criminal Court of Baltimore on criminal information number 67402585, charging him with attempted robbery with a deadly weapon. After a court trial he was found guilty and sentenced to the Division of Correction for a period of twelve years.

As appellent was only 16 years of age at the time of the alleged crime (30 October 1973), the principle issue raised in this appeal is whether, since there was no waiver by the juvenile court, the Criminal Court of Baltimore lacked jurisdiction to try him. Determinative of the issue is our interpretation of that portion of the public general law that exempts from the juvenile court its exclusive original jurisdiction, in certain cases, over children under 18 years of age. The specific exemption here involved and in effect at the time of the alleged offense provided, in pertinent part, that the juvenile court did not have jurisdiction over:

> "A proceeding involving a child who has reached his sixteenth birthday, alleged to have done an act which, if committed by an adult, would be punishable by § 488 of Article 27 as robbery with a deadly weapon . . . ." [1]

---

1. Chapter 772, Acts 1973, effective 1 July 1973, amending Code Art. 26, § 70-2 (d) (3).

The wording of the exemption was further amended by Chapter 2, Acts 1973 (1st Sp. Sess.), effective July 1, 1974, codified in the Courts and Judicial Proceedings Article (Courts Article) as § 3-808(4) to provide:

"The Court does not have jurisdiction over:

* * *

(4) A child 16 years old or older alleged to have committed the crime of robbery with a deadly weapon . . . . "

The most recent change in the exemption was effected by Chapter 554, Acts 1975, effective 1 July 1975, codified in Courts Article (1975 Cum. Suppl.) as § 3-804 (d) (4), providing that the juvenile court does not have jurisdiction over:

"a child 16 years old or older alleged to have committed the crime of robbery with a deadly weapon as well as all other charges against the child arising out of the same incident . . . "

In *Broadway v. State*, 23 Md. App. 68 (1974), in construing this very language, we held that it expressed "the clear legislative intent . . . that a child of 16 years or older, alleged to have committed the crime of robbery with a deadly weapon, is without the jurisdiction of the juvenile court". The State argues now that we should construe the statute as including within the exemption the separate crime of *attempted* robbery with a deadly weapon as well as the crime of robbery with a deadly weapon. As we understand the argument, it is based on three factors which the State contends show the legislative intent supporting such a construction:

1) Pursuant to Article 27, § 488, the punishment for both crimes is identical.

2) "[A] perpetrator of the crime of robbery with a deadly weapon is not, or should not be, rewarded for his failure to consummate the larceny and reap the 'fruit' of the illegal act."

3) The 1975 amendment (note 1, *supra*) "more clearly specified the legislative intent that the juvenile court was not to have jurisdiction over the crime of robbery with a deadly weapon, nor was it to have jurisdiction over 'all other charges against the child arising out of the same incident' ".

We find no merit in any of the contentions.

The State concedes that on its face the statute under consideration is free from ambiguity. Attempted robbery with a deadly weapon is simply not within the exemption. If it had been intended to be included, it would have been a simple matter for the Legislature to have done so. It did not. For us to supply the supposed omission would amount to usurpation of the legislative function. In *Slate v. Zitomer*, 275 Md. 534 (1975), the Court of Appeals, quoting with approval from *Amalgamated Insurance v. Helms*, 239 Md. 529, 535-536 (1965) said:

> ". . . [C]ourts may not 'attempt, under the guise of construction, to supply omissions or remedy possible defects in the statute, or to insert exceptions not made by the Legislature' ".

With respect to the 1975 amendment, we observe that even if we were to interpret it as including *attempted* armed robbery, such an interpretation would not warrant a similar interpretation of the statute in effect at the time of the offense here involved or at the time of trial. Moreover, we think it at least doubtful even under the 1975 amendment that, absent a waiver by the juvenile court, criminal courts of general jurisdiction would have jurisdiction to try a juvenile for attempted armed robbery unless he were *also* "alleged to have committed the crime of robbery with a deadly weapon . . . arising out of the same incident".

*Judgment vacated.*