## ORNDORFF & SPAID, INC. *v.* DEPARTMENT OF LICENSING AND REGULATION ET AL.

[No. 936, September Term, 1975.]

*Decided June 28, 1976.*

The cause was argued before THOMPSON, LOWE and MASON, JJ.

*Ira J. Smotherman, Jr.*, with whom were *Charles Yumkas, Max Stadfeld, Stokes & Shapiro* and *Blum, Yumkas, Mailman & Gutman* on the brief, for appellant.

*Edward M. Ranier, Special Assistant Attorney General*, with whom was *Francis B. Burch, Attorney General*, on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Following an inspection of the job site of the appellant, Orndorff & Spaid, Inc., a roofing contractor, by the Division of Labor and Industry, pursuant to *Md. Code*, Art. 89, §§ 28-49A, a Citation and Notification of Proposed Penalty was issued charging appellant with a "serious" violation of the occupational safety and health regulations. This citation was contested before a hearing examiner and a $250.00 penalty was affirmed. The Commissioner of Labor and Industry affirmed the determination of the hearing examiner. The Circuit Court for Prince George's County affirmed the determination of the Commissioner. We reverse.

The inspection of appellant's work site, located at 7700 Riverdale Road, New Carrollton, Maryland, revealed eight employees working on a flat roof. At the north section of this roof, where there was a 20 foot drop to ground level, two employees were working approximately six to twelve inches from the edge of the roof. The outside perimeter of the roof was not protected by railings of any type.

The specific standard which the appellant was found to have violated, 29 C.F.R. 1926.500(d)(1) [1] states:

> "Every open-sided floor or platform 6 feet or more above adjacent floor or ground level shall be guarded by a standard railing, or the equivalent, as specified in paragraph (f)(i) of this section, on all open sides, except where there is entrance to a ramp, stairway, or fixed ladder. . . ."

---

1. Adopted by the Commissioner of Labor and Industry March 8, 1973, effective July 1, 1973.

It is the appellant's contention that this section is inapplicable to roofs. The hearing examiner and trial judge rejected this contention on the basis that the purpose of the Occupational Safety and Health Act is to assure as far as possible every working man and woman in the State of Maryland safe and healthful working conditions. *Md. Code*, Art. 89, § 28C. With this overall purpose in mind it was found to be inconceivable that the term "platform" would not include a flat roof.

While the Act is aimed at promoting safe working conditions, it is a primary rule of statutory construction that courts may not attempt under the guise of construction, to supply omissions or remedy possible defects in the statute, or to insert exceptions not made by the Legislature. *Slate v. Zitomer*, 275 Md. 534, 341 A. 2d 789 (1975). Obviously a similar rule applies in the construction of regulations which have the effect of law.

The terms "open-sided floor" and "roof" are not defined in the Act. In the general provision clause, § 1926.500(a) and the definitions of floor holes and floor openings, § 1926.502(a) & (b) the term "roof" is specifically inserted.[2] The inclusion of the term "roof" in the general provision clause and in these definitions combined with its absence from the open-sided floor and platform [3] provisions can only be construed as an intent to distinguish between a floor or platform and a roof and therefore exclude open-sided flat roofs from the requirement of safety railings. *Diamond*

---

**2.** § 1926.500 "(a) General Provisions. This subpart shall apply to temporary or emergency conditions where there is danger of employees or materials falling *through* floor, roof, or wall openings, or from stairways or runways." (emphasis supplied)

§ 1926.502 "(a) 'Floor hole' — An opening measuring less than 12 inches but more than 1 inch in its least dimension in any floor, roof, or platform through which materials but not persons may fall, such as a belt hold, pipe opening or slot opening."

"(b) 'Floor opening' — An opening measuring 12 inches or more in its least dimension in any floor, roof, or platform through which persons may fall."

**3.** § 1926.502 "(e) 'Platform' — A working space for persons, elevated above the surrounding floor or ground, such as a balcony or platform for the operation of machinery and equipment."

*Roofing Co., Inc. v. Occupational Safety and Health Review Commission,* 528 F. 2d 645 (5th Cir. 1976).

Additionally, § 1926.451(u)(3) deals specifically with protection for roof edges. That section provides:

> "A catch platform shall be installed below the working area of *roofs more than sixteen feet from the ground to eaves with a slope greater than four inches in twelve inches without a parapet.* In width, the platform shall extend two feet beyond the protection of the eaves and shall be provided with a guard rail, midrail, and toeboard. This provision shall not apply where employees engaged in work upon such roofs are protected by a safety belt attached to a life line." (emphasis supplied)

The fact that this section exempts roofs having slopes of less than four inches in twelve indicates that perimeter protection for flat roofs was not contemplated by the writers of the regulations. *Langer Roofing & Sheet Metal, Inc. v. Secretary of Labor,* 524 F. 2d 1337, 1339 (7th Cir. 1975).[4]

It may well be that workers on flat roofs deserve perimeter protection; if so the Commissioner can promulgate regulations which clearly inform employers what they must provide to remedy these conditions. We hold that § 1926.500(d)(1) cannot be interpreted to require perimeter protection on flat roofs; therefore appellant cannot be found in violation of that section.

*Judgment reversed.*
*Appellees to pay costs.*

---

**4.** The two federal cases cited are construing federal regulations identical with the Maryland regulations. We have found no other cases directly in point.